UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| ROBERT TOMPKINS ) | *Filed Electronically* |
| ) | **CASE NO. _:19-cv-___-____** |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | |
| ) | |
| BONNIE PLANTS, INC. d/b/a BONNIE PLANTS, ) | |
| ALABAMA FARMERS COOPERATIVE, INC. ) | |
| d/b/a BONNIE PLANTS, AND LOWE'S HOME ) | |
| IMPROVEMENT, LLC, d/b/a LOWE'S and d/b/a ) | |
| LOWE'S HOME IMPROVEMENT ) | |
| ) | |
| ) | |
| DEFENDANTS. ) | |

## NOTICE OF REMOVAL

Come the Defendants, Bonnie Plants, Inc., d/b/a Bonnie Plants, Alabama Farmers Cooperative, Inc., d/b/a Bonnie Plants, Lowe's Home Centers, LLC (incorrectly identified in Plaintiff's Complaint as "Lowe's Home Improvement, LLC") by counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal. As grounds for removal of this action, the Defendants state as follows:

1.  On March 19, 2019, the Plaintiff, Robert Tompkins, commenced a civil action against Defendants, Bonnie Plants, Inc. d/b/a Bonnie Plants ("Bonnie Plants"), Alabama Farmers Cooperative, Inc. d/b/a Bonnie Plants ("Alabama Farmers"), and Lowe's Home Centers, LLC (incorrectly identified in Plaintiff's Complaint as "Lowe's Home Improvement, LLC") ("Lowe's"), designated therein as Civil Action No. 19-CI-00994.

2.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action, which have been filed and served

upon the parties, is being filed with this Notice of Removal and is attached hereto as **Exhibit A**.

3. The Complaint purports to assert a cause of action against the Defendants for negligence.

4. The Defendants accepted service of Plaintiff's Complaint on March 22, 2019.

5. The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and Defendants and more than $75,000.00, exclusive of interest and cost, is at stake.

6. The Plaintiff is a natural person, who is now, was at the commencement of this action, and has been at all relevant times, a citizen and resident of the State of Kentucky. Plaintiff is not now, was not at the commencement of this action, and has not been at any relevant time, a citizen or resident of the State of Alabama or the State of North Carolina.

7. Defendant Bonnie Plants is now, was at the commencement of this action, and has been at all relevant times, a corporation incorporated by, organized, and existing under the laws of the State of Alabama. The Defendant's principal place of business is in the State of Alabama. The Defendant is deemed a resident of the State of Alabama for purposes of jurisdiction under the provisions of 28 U.S.C. § 1332(c)(1).

8. Defendant Alabama Farmers, is now, was at the commencement of this action, and has been at all relevant times, a corporation incorporated by, organized, and existing under the laws of the State of Alabama. The Defendant's principal place of business is in the State of Alabama. The Defendant is deemed a resident of the State of Alabama for purposes of jurisdiction under the provisions of 28 U.S.C. § 1332(c)(1).

9. Defendant Lowe's is now, was at the commencement of this action, and has been at all relevant times, a corporation incorporated by and organized and existing under the laws of

the state of North Carolina. Lowe's principal place of business is in the State of North Carolina. Lowe's is deemed a resident of the State of North Carolina for purposes of jurisdiction under the provisions of 28 U.S.C § 1332(c)(1).

10. There is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

11. This is an action over which the District Courts of the United States has jurisdiction pursuant to 28 U.S.C. § 1332, therefore the action is removable to this District Court pursuant to 28 U.S.C. § 1441(a).

12. This District and Division constitute the appropriate forum to which this action should be removed. The Fayette Circuit Court is within the Lexington Division. *See* LR 3.1(a)(2)(B).

13. Venue is proper pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this District.

14. This Notice of Removal has been filed within 30 days of the date that the Defendants accepted service of a copy of an amended pleading, motion, order, or other paper from which it was first ascertained that the case is one which is removable. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b)(3). A copy of Plaintiff's Response to the Request for Admission establishing damages in excess of $75,000.00 is attached hereto as **Exhibit B**.

15. Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal will be promptly given to the adverse parties, and a copy of this Notice of Removal will be filed with the Fayette Circuit Clerk. A copy of the notice to the Fayette Circuit Clerk is attached hereto as **Exhibit C**.

16. Accordingly, this action is hereby removed from the Fayette Circuit Court to the United States District Court for the Eastern District of Kentucky, Central Division at Lexington.

Respectfully submitted,

WMR DEFENSE

/s/ Gary W. Thompson
John W. Walters
Gary W. Thompson
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:   (859) 219-9090
Facsimile:    (859) 219-9292
john@wmrdefense.com
gary@wmrdefense.com
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

On May 2, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Gary W. Thompson
COUNSEL FOR DEFENDANTS

7202.006100C:\NRPortbl\Golden_and_Walters\STEPHANIE.ROSS\1033054_1.docx