COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION _____
NO.-_____

*Electronically Filed*

ROBERT TOMPKINS                                                    PLAINTIFF

v.

BONNIE PLANTS, INC. d/b/a BONNIE PLANTS


        SERVE:  REGISTERED AGENT
                C T CORPORATION SYSTEM
                306 W MAIN ST
                SUITE 512
                FRANKFORT, KY 40601
                *Via Certified Mail*


and

ALABAMA FARMERS COOPERATIVE, INC. d/b/a BONNIE PLANTS


        SERVE:  REGISTERED AGENT
                ALFRED E. CHEATAM, JR.
                121 SOMERVILLE RD. NE
                DECATUR, AL 35601
                *Via Secretary of State*


and

LOWE' S HOME IMPROVEMENT, LLC d/b/a LOWE'S and d/b/a LOWE'S HOME
IMPROVEMENT


        SERVE:  REGISTERED AGENT,
                CORPORATION SERVICE COMPANY
                421 WEST MAIN STREET
                FRANKFORT, KY 40601
                *Via Certified Mail*

## COMPLAINT

Comes the Plaintiff, ROBERT TOMPKINS, by and through undersigned counsel, and for his cause of action against Defendants, Bonnie Plants, Inc. d/b/a Bonnie Plants (hereinafter 'Bonnie"), Alabama Farmers Cooperative, Inc. d/b/a Bonnie Plants (hereinafter "AFC"), and Lowe's Home Improvement, LLC d/b/a Lowe's and d/b/a Lowe's Home Improvement (hereinafter "Lowe's"), hereby states as follows:

1.     At all times relevant hereto, Plaintiff was and is a citizen of Lexington, Fayette County, Kentucky.

2.     At all times relevant hereto, Defendant Bonnie is a foreign corporation with its principal place of business in Decatur, Alabama, that is actively conducting business in Fayette County and subject to the jurisdiction of this Court.

3.     At all times relevant hereto, Defendant AFC is a foreign corporation with its principal place of business in Decatur, Alabama, that is actively conducting business in Fayette County and subject to the jurisdiction of this Court.

4.     At all times relevant hereto, Defendant Lowe's is a foreign limited liability company with its principal place of business in Wilkesboro, NC that is actively conducting business as a home improvement store in Fayette County and subject to the jurisdiction of this Court.

5.     At all times relevant hereto, Defendant Lowe's owned, managed, maintained, controlled and/or supervised a retail store located at 2300 Grey Lag Way, Lexington, KY 40509.

6.     At all times relevant hereto, Defendant Lowe's, by and through its agents, ostensible agents, servants, employees and/or representatives, had a duty to maintain said

premises in a reasonably safe condition for and to exercise ordinary care with respect to the safety of those legally upon the premises.

7.      On or about April 17, 2018, Defendants Bonnie and/or Defendant AFC owned, managed, maintained, controlled and/or supervised a truck (hereinafter the "Truck") that was parked near the front of the retail store located at 2300 Grey Lag Way, Lexington, KY 40509.

8.      Upon information and belief, the Truck was parked near the front of the retail store located at 2300 Grey Lag Way, Lexington, KY 40509 for the purpose of unloading merchandise from the Truck to the retail store and/or loading merchandise from the retail store into the Truck.

9.      At all times relevant hereto, Defendants Bonnie and/or AFC, by and through its agents, ostensible agents, servants, employees and/or representatives, had a duty to maintain the Truck while it was parked near the front of the retail store located at 2300 Grey Lag Way, Lexington, KY 40509 on the date set out above in a reasonably safe condition for and to exercise ordinary care with respect to the safety of those legally upon the premises.

10.     On the date set out above, as a direct and proximate result of the negligent acts and/or omissions of all Defendants, by and through their agents, ostensible agents, servants, employees and/or representatives, Plaintiff, as a business invitee, while lawfully upon the premises of the retail store located at 2300 Grey Lag Way, Lexington, KY 40509 and exercising due care for his own safety, was approaching to enter the store and tripped on the liftgate at the rear of the Truck, causing Plaintiff to fall.

11.     At the time of Plaintiff's fall, the liftgate on the Truck was at ground level

at the rear of the Truck.

12.     The positioning of the liftgate on the Truck at ground level created a dangerous condition on said premises.

13.     At the time of Plaintiff's fall, all Defendants failed to adequately warn Plaintiff of the dangerous condition.

14.     As a result of Plaintiff's fall, Plaintiff suffered injuries, primarily to his head/brain and right eye.

15.     As a direct and proximate result of the negligent acts and/or omissions of all Defendants, by and through their agents, ostensible agents, servants, employees and/or representatives, Plaintiff was caused to incur medical expenses both past and future, physical and mental pain and suffering both past and future, lost wages and impaired capacity to earn in the future, increased risk of harm, mental anguish and lost enjoyment of life.

16.     The acts and/or omissions of Defendants, by and through its agents, ostensible agents, servants, employees and/or representatives, were undertaken with a reckless disregard for the safety of others in general and the Plaintiff in particular.

17.     Plaintiff's damages are in excess of the minimum dollar amount necessary to invoke the jurisdiction of this Court.

**WHEREFORE**, Plaintiff, by and through undersigned counsel, respectfully demands judgment against Defendants as follows:

1.      For an amount of compensatory damages that is fair and reasonable as established by the evidence;

3.      For prejudgment interest from the date of injury until such time as

judgment is paid;

4.      For his costs herein expended; and

5.      For any and all other relief to which he may be entitled.


Respectfully submitted,


/s/ *J. Tate Meagher*
J. Tate Meagher
MEAGHER LAW OFFICE, PLLC
436 South 7th Street, Suite 200
Louisville, KY 40203
(502) 309-9213 (office)
(502) 855-3166 (fax)
tate@meagherlawoffice.com
***Counsel for Plaintiff***

NOT ORIGINAL DOCUMENT
05/02/2019 05:20:59 PM
92461-1

AOC-E-105       Sum Code: CI
Rev. 9-14



Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #:  **19-CI-00994**
Court:   **CIRCUIT**
County:  **FAYETTE**

# CIVIL SUMMONS

---

*Plantiff,* **TOMPKINS, ROBERT VS. BONNIE PLANTS, INC., ET AL**, *Defendant*

TO:  **C T CORPORATION SYSTEM**
   **306 WEST MAIN STREET**
   **SUITE 512**
   **FRANKFORT, KY 40601**

Memo: Related party is BONNIE PLANTS, INC.

The Commonwealth of Kentucky to Defendant:
**BONNIE PLANTS, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Fayette Circuit Clerk
Date: **3/19/2019**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____

   _____
   Served By

   _____
   Title

Presiding Judge: HON. LUCY A. VANMETER (622386)

CI : 000001 of 000001

Summons ID: @00000845546
CIRCUIT: 19-CI-00994 Certified Mail
TOMPKINS, ROBERT VS. BONNIE PLANTS, INC., ET AL



eFiled

NOT ORIGINAL DOCUMENT
05/02/2019 05:21:06 PM
92461-1

AOC-E-105      Sum Code: CI
Rev. 9-14



Case #: **19-CI-00994**

Court: **CIRCUIT**

Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

County: **FAYETTE**

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

---

*Plaintiff,* **TOMPKINS, ROBERT VS. BONNIE PLANTS, INC., ET AL**, *Defendant*

TO:  **ALFRED E. CHEATAM JR**
     **121 SOMERVILLE ROAD NE**
     **DECATUR, AL 35601**

Memo: Related party is ALABAMA FARMERS COOPERATIVE, INC.

The Commonwealth of Kentucky to Defendant:
**ALABAMA FARMERS COOPERATIVE, INC.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Fayette Circuit Clerk
Date: **3/19/2019**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

  Date: _____, 20_____

                                                           Served By

                                                            Title

Presiding Judge: HON. LUCY A. VANMETER (622386)

CI : 000001 of 000001

Summons ID: @00000845547
CIRCUIT: 19-CI-00994 Long Arm Statute – SOS - Restricted Delivery
TOMPKINS, ROBERT VS. BONNIE PLANTS, INC., ET AL





eFiled

NOT ORIGINAL DOCUMENT
05/02/2019 05:21:08 PM
92461-1

AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

Case #: **19-CI-00994**
Court: **CIRCUIT**
County: **FAYETTE**



# CIVIL SUMMONS

*Plantiff,* **TOMPKINS, ROBERT VS. BONNIE PLANTS, INC., ET AL**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is LOWE'S HOME IMPROVEMENT, LLC

The Commonwealth of Kentucky to Defendant:
**LOWE'S HOME IMPROVEMENT, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Fayette Circuit Clerk
Date: **3/19/2019**

Presiding Judge: HON. LUCY A. VANMETER (622386)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

CI : 000001 of 000001

Summons ID: @00000845548
CIRCUIT: 19-CI-00994 Certified Mail
TOMPKINS, ROBERT VS. BONNIE PLANTS, INC., ET AL



Page 1 of 1

eFiled

Filed        19-CI-00994        03/19/2019        Vincent Riggs, Fayette Circuit Clerk        NOT ORIGINAL DOCUMENT
05/02/2019 05:26:13 PM
92461-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION _____
NO.-_____

ROBERT TOMPKINS                                                    PLAINTIFF

vs.

BONNIE PLANTS, INC., et al.                                        DEFENDANTS

### PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT BONNIE PLANTS, INC

** ** ** ** **

Pursuant to Rules 26, 33, 34 and 36 of the Kentucky Rules of Civil Procedure, Plaintiff, Robert Tompkins, by and through counsel, hereby requests that Defendant Bonnie Plants, Inc. d/b/a Bonnie Plants (hereinafter "Defendant") answer the following Interrogatories and Requests for Production of Documents according to the Kentucky Rules of Civil Procedure and serve them upon Plaintiff's counsel within forty-five (45) days of the date of service.

These Interrogatories and Requests for Production shall be deemed continuing. Knowledge of the attorneys for the Defendant or the claims agent or any other agent of the Defendant, or of any employee of the Defendant, shall be deemed to be the knowledge of the Defendant.

### INTERROGATORIES

**INTERROGATORY #1:** Please identify yourself fully, stating your full name, residence

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000001 of 000013

Case: 5:19-cv-00197-KKC   Doc #: 1-1   Filed: 05/02/19   Page: 10 of 58 - Page ID#: 14

and business address, the position you hold with the Defendant, and your job responsibilities.

**ANSWER:**

**INTERROGATORY #2**: Was the Defendant in control of the liftgate in which Plaintiff

tripped on at the time Plaintiff's fall specified in Plaintiff's Complaint (hereinafter referred to as

the "Fall" or "Plaintiff's Fall") occurred? If not please state the name and address of those persons

or entities which were in control of said liftgate at said time.

**ANSWER:**

**INTERROGATORY #3:** Please state the name and address of any person, firm or

corporation which had the responsibility or duty for the maintenance of the liftgate on which the

Plaintiff tripped on to cause his Fall at the time of Plaintiff's Fall if other than the Defendant.

**ANSWER:**

**INTERROGATORY #4:** Please state what precautions if any were taken by the

Defendant or any agent, or employee of the Defendant prior to the Plaintiff's Fall to prevent

injuries such as those sustained by Plaintiff.

**ANSWER:**

**INTERROGATORY #5**: Prior to Plaintiff's Fall please explain what notice, if any,

Defendant had of the condition alleged to have caused Plaintiff's Fall, how Defendant received

the notice, and what steps Defendant took after notice was received to warn customers of the

condition or to correct the condition.

Filed          19-CI-00994     03/19/2019          Vincent Riggs, Fayette Circuit Clerk    NOT ORIGINAL DOCUMENT
05/02/2019 05:26:13 PM
92461-1

**ANSWER:**

**INTERROGATORY #6:** Prior to Plaintiff's Fall please explain what preventative measures or actions were taken to prevent injuries such as Plaintiff's.

**ANSWER:**

**INTERROGATORY #7:** Please state in detail each act or omission by Plaintiff that it is contended, contributed to or caused his Fall.

**ANSWER:**

**INTERROGATORY #8**: If it is the Defendant's contention that the Plaintiff's injuries were caused by some person or persons other than Defendant or their agents or employees, then please identify these other persons fully giving their names, addresses and telephone numbers.

**ANSWER:**

**INTERROGATORY #9**: If the Defendant believes that it was not required to warn customers of the condition that caused Plaintiff's Fall or correct such condition due to the involvement of those listed in Interrogatory No. 8, please set forth each and every fact that supports Defendant's belief.

**ANSWER:**

**INTERROGATORY #10:** Please state in detail what the Defendant's policy and procedure is for their agents, employees or representatives to follow when they discover a

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000003 of 000013

condition or situation that could give rise to injury.

    **ANSWER:**

    **INTERROGATORY #11:** Please state in detail what the Defendant's policy and procedure is for their agents, employees or representatives to follow when they are loading or unloading merchandise to or from a retail store.

    **ANSWER:**

    **INTERROGATORY #12:** Please state whether the policies or procedures identified in Interrogatories #10 and #11 were followed in this case, and if so, identify the agents, employees, or representatives who followed the policy or procedure, their current address and telephone number, the current employment status, and the exact steps they took to comply with the policy and procedure.

    **ANSWER:**

    **INTERROGATORY #13:** If you had any other incidents prior to the incident forming the basis of this lawsuit which are substantially similar or occurred at the same or similar location please provide details of said incidents, identifying any documents and photographs which reflect such incidents and identifying any witnesses or parties to said incident.

    **ANSWER:**

    **INTERROGATORY #14:** Is it the Defendant's usual custom and procedure to investigate incidents where someone claims they have suffered an injury on the premises? If so, please

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000004 of 000013

NOT ORIGINAL DOCUMENT
05/02/2019 05:26:13 PM
92461-1

describe that custom and procedure generally and identify how that procedure was implemented on the date of Plaintiff's Fall.

**ANSWER:**

**INTERROGATORY #15**: If there was any type of investigation made concerning the Plaintiffs Fall please state whether the Defendant conducted such investigation in anticipation of litigation and if so, state each fact of which Defendant was aware at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation. Please also state the names of the persons who conducted said investigation.

**ANSWER:**

**INTERROGATORY #16**: Describe any insurance agreement under which any company may be liable to satisfy part or all of the judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment by stating the name of the person or entity who is insured, the name of the insurer and the amount of any liability insurance coverage and also indicate whether any medical payment coverage is available under any such coverage.

**ANSWER:**

**INTERROGATORY # 17:** Please describe in detail any previous or subsequent incidents which occurred in substantially the same way as Plaintiff's Fall that were caused by equipment owned, maintained or controlled by Defendant.

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000005 of 000013

Filed                    19-CI-00994    03/19/2019            Vincent Riggs, Fayette Circuit Clerk  NOT ORIGINAL DOCUMENT
                                                                                                          05/02/2019 05:26:13 PM
                                                                                                          92461-1

**ANSWER:**

**INTERROGATORY #18:** If the Defendant changed, reconfigured, corrected, repaired or fixed in any way the liftgate that caused Plaintiff's Fall please state what was done and by whom.

**ANSWER:**

**INTERROGATORY #19**: Please identify each person whom you intend to call as an expert witness at the trial of this matter and for each such expert witness please state the following:

    a.      The subject matter on which said expert is expected to testify;

    b.      The substance, facts and opinions to which the expert is expected to testify;

    c.      A summary of the grounds for each opinion expected to be given by the expert, and;

    d.      Please indicate whether any report, including factual observations and opinions, has been prepared by any such expert.

**ANSWER:**

**INTERROGATORY #20**: If you or your representative has obtained a statement of any type from any person who has knowledge of any relevant facts concerning Plaintiff's Fall, please state the name and address of the person giving the statement, whether the statement was written or recorded or otherwise transcribed and who took the statement.

**ANSWER:**

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000006 of 000013

Filed                    19-CI-00994    03/19/2019            Vincent Riggs, Fayette Circuit Clerk

Filed          19-CI-00994   03/19/2019          Vincent Riggs, Fayette Circuit Clerk   NOT ORIGINAL DOCUMENT
05/02/2019 05:26:13 PM
92461-1

**INTERROGATORY #21**: Please identify each lay witness that you intend to call at the trial of this matter and include a complete description of the subject matter of the expected testimony of each such witness.

**ANSWER:**

**INTERROGATORY #22**: Please describe any claims or lawsuits that have previously been brought against the Defendant by reason of an accident or injury involving facts similar to Plaintiff's fall.

**ANSWER:**

**INTERROGATORY #23:** Please identify all photographs, motion pictures, video tape recordings, maps, drawings, charts, diagrams, measurements, surveys or other documents concerning the events and happenings forming the basis of this lawsuit, the area of the occurrence, persons or objects involved either made before or after the time of the events in question, including any photographs made at any time since the incident that you, your attorney, your insurance carrier or anyone acting on your or their behalf have or know of.

**ANSWER:**

**INTERROGATORY #24:** Please state the names, last known addresses, job titles or descriptions of any and all agents and/or employees of Defendant who were working for the Defendant the day of Plaintiffs Fall. Please separately state the names and last known addresses of

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000007 of 000013

Filed          19-CI-00994   03/19/2019          Vincent Riggs, Fayette Circuit Clerk   NOT ORIGINAL DOCUMENT
                                                                                  05/02/2019 05:26:13 PM
                                                                                  92461-1

each person who was present, is reported to have been present, or who claims to have been present

at the scene of the occurrence complained of in the Plaintiff's complaint at any time within one

hour preceding and/or one hour following Plaintiff's Fall.

**ANSWER:**

**INTERROGATORY #25:**        Did the Defendant's employees, agents, or representatives

communicate with the Plaintiff on the date of the Fall, and if so, please provide the employee, agent, or

representative's name, last known address and telephone number, position with Defendant, the current status

of the employee, agent, or representative with Defendant, and the substance of the communications with the

Defendant.

**ANSWER:**

**INTERROGATORY #26:**        Did the Defendant's employees, agents, or representatives review a

surveillance, security, or other videotape on the date of Plaintiff's Fall or subsequently thereafter?  If so,

identify the employee, agent, or representative who reviewed the videotape, the reasons for reviewing the

videotape, whether this review is part of a policy or procedure in place by the Defendant, and what actions the

employee, agent, or representative took after reviewing the videotape.

**ANSWER:**

## REQUESTS FOR PRODUCTION

Defendant is to produce the following items within forty-five days from service

hereof:

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000008 of 000013

Case: 5:19-cv-00197-KKC   Doc #: 1-1   Filed: 05/02/19   Page: 17 of 58 - Page ID#: 21

05/02/2019 05:26:13 PM
92461-1

**REQUEST #1:**          Any contracts between the Defendant and any maintenance, repair service or cleaning company in effect at the time of Plaintiff's Fall.

**RESPONSE:**

**REQUEST #2:**          Any contracts between the Defendant and any person or entity responsible for caring for the liftgate and/or the truck on which the liftgate was attached at the time of Plaintiff's Fall.

**RESPONSE:**

**REQUEST #3**:          Any indemnity agreement between any party to this case and any non-party which is relevant to the accident and injury forming the basis of this lawsuit.

**RESPONSE:**

**REQUEST #4**:          Any joint venture agreement between the parties or any party to this lawsuit and any non-party regarding the ownership, operation, repair, maintenance, advertising, security or other service of or for the premises of Plaintiff's Fall.

**RESPONSE:**

**REQUEST # 5:**          Any rules, management guidelines, operating guidelines or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair service or cleaning of the premises of Plaintiff's Fall.

**RESPONSE:**

**REQUEST #6**:          Any and all photographs or video that the Defendant has of the scene of the Fall or the resulting injuries to Plaintiff, including any surveillance tape that

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000009 of 000013

Filed          19-CI-00994          03/19/2019          Vincent Riggs, Fayette Circuit Clerk          NOT ORIGINAL DOCUMENT
05/02/2019 05:26:13 PM
92461-1

shows Plaintiff's fall and/or the 24 hours prior to and after Plaintiff's fall.

     **RESPONSE:**

     **REQUEST #7**:        Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

     **RESPONSE:**

     **REQUEST #8:**        Copies of any and all statements previously made by Plaintiff or Defendant concerning the subject matter of this lawsuit including any written statement signed or otherwise by either Plaintiff or Defendant in any stenographic, mechanical, electrical or other type of recording or any other transcription thereof made by either Plaintiff or Defendant and contemporaneously recorded.

     **RESPONSE:**

     **REQUEST #9**:        Any and all drawings, maps or sketches of the scene of Plaintiffs Fall.

     **RESPONSE:**

     **REQUEST #10:**        Any and all settlement agreements wherein you have arrived at a settlement or agreement between you and any other person whether or not a party to this lawsuit regarding or pertaining to the incident forming the basis of this lawsuit or any damages resulting therefrom.

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000010 of 000013

Filed 19-CI-00994 03/19/2019 Vincent Riggs, Fayette Circuit Clerk NOT ORIGINAL DOCUMENT
05/02/2019 05:26:13 PM
92461-1

**RESPONSE:**

**REQUEST #11**:        Any and all reports that were or will be relied upon in whole

or in part by any testifying expert in this case.

**RESPONSE:**

**REQUEST #12**:        Any and all expert reports or things that were or will be

reviewed by a testifying expert in this case.

**RESPONSE:**

**REQUEST #13**:        Any and all work papers, notes, documents in the file of any

expert witness who is expected to testify or in the file of any expert witness who has written a

report, which is or will be relied upon in whole or in part by a testifying expert in this case.

**RESPONSE:**

**REQUEST #14**:        All documents or tangible things prepared by any expert whom

you expect to call as a witness not limited to those which would include his/her report,

observations, opinions, conclusions, photographs, field notes or calculations relied upon for his or

her testimony in this case.

**RESPONSE:**

**REQUEST #15**:        Any and all copies of reports of all similar incidents

prepared by any and all employees of the Defendant for the past five years.

**RESPONSE:**

**REQUEST #16**:        All materials including but not limited to employee manuals,

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000011 of 000013

Filed          19-CI-00994    03/19/2019          Vincent Riggs, Fayette Circuit Clerk  NOT ORIGINAL DOCUMENT
                                                                                            05/02/2019 05:26:13 PM
                                                                                            92461-1

policy and procedure documents, memoranda and correspondence pertaining to safety rules

and/or regulations to be followed by the employees to ensure safety which were in effect at the

time of Plaintiff's Fall. This includes any training films and/or video tapes used by Defendant

concerning customer falls, etc.

**REQUEST #17:**       A current copy of the curriculum vitae of any expert who may

be called to testify at trial.

**RESPONSE:**

**REQUEST #18**:       Any documents, incident reports, memorandums or other

written records pertaining to any investigation into Plaintiffs Fall.

**RESPONSE:**

**REQUEST #19:**       Any known documents and tangible things of which production

has not been requested pursuant to any other item of these requests that you intend to offer as

evidence at trial of this case.

**RESPONSE:**

**REQUEST #20**:       Any documents, including any memorandum, reports, emails,

letters, or other notices from Defendant's corporate locations to its employees discussing or

detailing steps to be taken in the event that a customer reports an incident that might give rise

to legal liability against the Defendant.

**RESPONSE:**

**REQUEST #21**:       Any documents provided to Defendant by employees, agents,

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000012 of 000013

Filed          19-CI-00994      03/19/2019          Vincent Riggs, Fayette Circuit Clerk      NOT ORIGINAL DOCUMENT
                                                                              05/02/2019 05:26:13 PM
                                                                              92461-1

or representatives concerning their observations of the circumstances surrounding Plaintiff's

Fall.

**RESPONSE:**

Respectfully submitted,

/s/ *J. Tate Meagher*

J. Tate Meagher
MEAGHER LAW OFFICE, PLLC
436 South 7th Street, Suite 200
Louisville, KY 40203
(502) 309-9213 (office)
(502) 855-3166 (fax)
tate@meagherlawoffice.com
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served with the Complaint.

/s/ *J. Tate Meagher*

J. TATE MEAGHER

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000013 of 000013

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION _____
NO.-_____

ROBERT TOMPKINS                                    PLAINTIFF

vs.

BONNIE PLANTS, INC., et al.                        DEFENDANTS

## PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT LOWE'S HOME IMPROVEMENT, LLC

** ** ** ** **

Pursuant to Rules 26, 33, 34 and 36 of the Kentucky Rules of Civil Procedure, Plaintiff, Robert Tompkins, by and through counsel, hereby requests that Defendant Lowe's Home Improvement, LLC d/b/a Lowe's (hereinafter "Defendant") answer the following Interrogatories and Requests for Production of Documents according to Civil Rules 33.01(2), 34.02(2) and 36.01(2), and serve them upon Plaintiffs' counsel within forty-five (45) days of the date of service.

These Interrogatories and Requests for Production shall be deemed continuing. Knowledge of the attorneys for the Defendant or the claims agent or any other agent of the Defendant, or of any employee of the Defendant, shall be deemed to be the knowledge of the Defendant.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:**   Please admit that on April 17, 2018 and all times thereafter the Defendant

NOT ORIGINAL DOCUMENT
05/02/2019 05:24:54 PM
92461-1

owned the retail store located at 2300 Grey Lag Way, Lexington, KY 40509.

## **INTERROGATORIES**

**INTERROGATORY #1:** Please identify yourself fully, stating your full name, residence and business address, the position you hold with the Defendant, and your job responsibilities.

> **ANSWER:**

**INTERROGATORY #2**: Was the Defendant in control of the area in which Plaintiff fell at the time the fall specified in Plaintiff's Complaint (hereinafter referred to as the "Fall" or "Plaintiff's Fall") occurred? If not please state the name and address of those persons or entities which were in control of said premises at said time.

> **ANSWER:**

**INTERROGATORY #3:** Please state the name and address of the person, firm or corporation which had the responsibility or duty for the maintenance of that portion of the premises where Plaintiff fell at the time of Plaintiff's Fall if other than the Defendant.

> **ANSWER:**

**INTERROGATORY #4**: If you contend that the Plaintiff had a status of anything other than a business invitee when on the premises at the time of the Fall, please explain your contention and identify all facts which support the contention that Plaintiff was not a business invitee.

> **ANSWER:**

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000002 of 000014

Filed          19-CI-00994      03/19/2019        Vincent Riggs, Fayette Circuit Clerk   NOT ORIGINAL DOCUMENT
                                                                                 05/02/2019 05:24:54 PM
                                                                                 92461-1

**INTERROGATORY #5:** Please give the following information with regard to the most recent examination or inspection of the area where Plaintiff's Fall occurred for the 72 hours *prior* to his fall:

    a.    The date and time of the examination or the inspection;

    b.    The identification, including the name and address of the person or persons making said examination or inspection;

    c.    In complete detail what the examination or inspection consisted of;

    d.    In complete detail what the examination or the inspection revealed or showed if anything;

    e.    In complete detail each and every act or activity done or undertaken by the Defendant or the Defendant's agent or employee as a result of any condition or circumstance disclosed by said examination or inspection.

**ANSWER:**

**INTERROGATORY #6:** Please state what precautions if any were taken by the Defendant or any agent, or employee of the Defendant prior to the Plaintiff's Fall to prevent injuries such as Plaintiff's while on Defendant's premises.

**ANSWER:**

**INTERROGATORY #7:** Prior to Plaintiff's Fall please explain what notice, if any, Defendant had of the condition alleged to have caused Plaintiff's Fall, how Defendant received

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000003 of 000014

NOT ORIGINAL DOCUMENT
05/02/2019 05:24:54 PM
92461-1

the notice, and what steps Defendant took after notice was received to warn customers of the condition or to correct the condition.

**ANSWER:**

**INTERROGATORY #8:** Prior to Plaintiff's Fall please explain what preventative measures or actions were taken to prevent injuries such as Plaintiff's.

**ANSWER:**

**INTERROGATORY #9:** Please describe the condition and appearance of the area of the premise where the Plaintiff fell immediately before and after Plaintiff's Fall.

**ANSWER:**

**INTERROGATORY #10:** Please state in detail each act or omission by Plaintiff that it is contended, contributed to or caused his Fall.

**ANSWER:**

**INTERROGATORY #11**: If it is the Defendant's contention that the Plaintiff's injuries were caused by some person or persons other than Defendant or their agents or employees, then please identify these other persons fully giving their names, addresses and telephone numbers.

**ANSWER:**

**INTERROGATORY #12**: If the Defendant believes that it was not required to warn customers of the condition that caused Plaintiff's Fall or correct such condition due to the

Filed          19-CI-00994     03/19/2019          Vincent Riggs, Fayette NOT ORIGINAL DOCUMENT
05/02/2019 05:24:54 PM
92461-1

involvement of those listed in Interrogatory No. 11, please set forth each and every fact that supports Defendant's belief.

**ANSWER:**

**INTERROGATORY #13:**  Please state in detail what the Defendant's policy and procedure is for their agents, employees or representatives to follow when they discover a condition or situation on their business premises that could give rise to injury.

**ANSWER:**

**INTERROGATORY #14:** Please state whether the policy or procedure identified in Interrogatory #13 was followed in this case, and if so, identify the agents, employees, or representatives who followed the policy or procedure, their current address and telephone number, the current employment status, and the exact steps they took to comply with the policy and procedure.

**ANSWER:**

**INTERROGATORY #15:**   If you had any other incidents prior to the incident forming the basis of this lawsuit which are substantially similar or occurred at the same or similar location please provide details of said incidents, identifying any documents and photographs which reflect such incidents and identifying any witnesses or parties to said incident.

**ANSWER:**

**INTERROGATORY #16**: Is it the Defendant's usual custom and procedure to investigate

Filed          19-CI-00994      03/19/2019          Vincent Riggs, Fayette Circuit Clerk   NOT ORIGINAL DOCUMENT
                                                                                      05/02/2019 05:24:54 PM
                                                                                              92461-1

incidents where someone claims they have suffered an injury on the premises? If so, please describe that custom and procedure generally and identify how that procedure was implemented on the date of Plaintiff's Fall.

**ANSWER:**

**INTERROGATORY #17**: If there was any type of investigation made concerning the Plaintiffs Fall please state whether the Defendant conducted such investigation in anticipation of litigation and if so, state each fact of which Defendant was aware at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation. Please also state the names of the persons who conducted said investigation.

**ANSWER:**

**INTERROGATORY #18**: Describe any insurance agreement under which any company may be liable to satisfy part or all of the judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment by stating the name of the person or entity who is insured, the name of the insurer and the amount of any liability insurance coverage and also indicate whether any medical payment coverage is available under any such coverage.

**ANSWER:**

**INTERROGATORY # 19:** Please describe in detail any subsequent incidents which occurred in substantially the same way as Plaintiffs Fall or in the same, similar or nearby location.

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000006 of 000014

Filed        19-CI-00994    03/19/2019        Vincent Riggs, Fayette Circuit Clerk    NOT ORIGINAL DOCUMENT
                                                                                  05/02/2019 05:24:54 PM
                                                                                  92461-1

**ANSWER:**

**INTERROGATORY #20:** If the Defendant changed, reconfigured, corrected, repaired or fixed in any way the physical site of Plaintiff's Fall please state what was done and by whom.

**ANSWER:**

**INTERROGATORY #21:** Please identify each person whom you intend to call as an expert witness at the trial of this matter and for each such expert witness please state the following:

    a.      The subject matter on which said expert is expected to testify;

    b.      The substance, facts and opinions to which the expert is expected to testify;

    c.      A summary of the grounds for each opinion expected to be given by the expert, and;

    d.      Please indicate whether any report, including factual observations and opinions, has been prepared by any such expert.

**ANSWER:**

**INTERROGATORY #22:** If you or your representative has obtained a statement of any type from any person who has knowledge of any relevant facts concerning Plaintiff's Fall, please state the name and address of the person giving the statement, whether the statement was written or recorded or otherwise transcribed and who took the statement.

**ANSWER:**

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000007 of 000014

Filed          19-CI-00994     03/19/2019          Vincent Riggs, Fayette Circuit Clerk     NOT ORIGINAL DOCUMENT
                                                                                            05/02/2019 05:24:54 PM
                                                                                            92461-1

**INTERROGATORY #23**: Please identify each lay witness that you intend to call at the trial of this matter and include a complete description of the subject matter of the expected testimony of each such witness.

**ANSWER:**

**INTERROGATORY #24**: Please describe any claims or lawsuits that have previously been brought against the Defendant by reason of an accident or injury at the same or similar location or a similar type of accident on the Defendant's premises at some other location.

**ANSWER:**

**INTERROGATORY #25:** Please identify all photographs, motion pictures, video tape recordings, maps, drawings, charts, diagrams, measurements, surveys or other documents concerning the events and happenings forming the basis of this lawsuit, the area of the occurrence, persons or objects involved either made before or after the time of the events in question, including any photographs made at any time since the incident that you, your attorney, your insurance carrier or anyone acting on your or their behalf have or know of.

**ANSWER:**

**INTERROGATORY #26:** Please state the names, last known addresses, job titles or descriptions of any and all agents and/or employees of Defendant who were working for the Defendant the day of Plaintiffs Fall. Please separately state the names and last known addresses of

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000008 of 000014

Filed          19-CI-00994    03/19/2019          Vincent Riggs, Fayette Circuit Clerk    NOT ORIGINAL DOCUMENT
                                                                              05/02/2019 05:24:54 PM
                                                                              92461-1

each person who was present, is reported to have been present, or who claims to have been present at the scene of the occurrence complained of in the Plaintiff's complaint at any time within one hour preceding and/or one hour following Plaintiff's Fall.

**ANSWER:**

**INTERROGATORY #27:** Did the Defendant's employees, agents, or representatives communicate with the Plaintiff on the date of the Fall, and if so, please provide the employee, agent, or representative's name, last known address and telephone number, position with Defendant, the current status of the employee, agent, or representative with Defendant, and the substance of the communications with the Defendant.

**ANSWER:**

**INTERROGATORY #28:** Did the Defendant's employees, agents, or representatives review a surveillance, security, or other videotape on the date of Plaintiff's Fall or subsequently thereafter? If so, identify the employee, agent, or representative who reviewed the videotape, the reasons for reviewing the videotape, whether this review is part of a policy or procedure in place by the Defendant, and what actions the employee, agent, or representative took after reviewing the videotape.

**ANSWER:**

**INTERROGATORY #29:** If Defendant denied the Requests for Admission preceding these Interrogatories above, please explain the reasoning for said denial(s).

**ANSWER:**

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000009 of 000014

Filed          19-CI-00994    03/19/2019          Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
05/02/2019 05:24:54 PM
92461-1

## REQUESTS FOR PRODUCTION

Defendant is to produce the following items within forty-five days from service

hereof:

**REQUEST #1:**          Any contracts between the Defendant and any maintenance, repair

service or cleaning company in effect at the time of Plaintiff's Fall.

**RESPONSE:**

**REQUEST #2:**          Any contracts between the Defendant and any person or entity

responsible for caring for the premises at the time of Plaintiff's Fall.

**RESPONSE:**

**REQUEST #3**:          Any indemnity agreement between any party to this case and any

non-party which is relevant to the accident and injury forming the basis of this lawsuit.

**RESPONSE:**

**REQUEST #4**:          Any joint venture agreement between the parties or any party

to this lawsuit and any non-party regarding the ownership, operation, repair, maintenance,

advertising, security or other service of or for the premises of Plaintiff's Fall.

**RESPONSE:**

**REQUEST # 5:**          Any rules, management guidelines, operating guidelines or other

similar writing or document that purports to show operating procedures for the management,

care, maintenance, repair service or cleaning of the premises of Plaintiff's Fall.

Case: 5:19-cv-00197-KKC   Doc #: 1-1   Filed: 05/02/19   Page: 32 of 58 - Page ID#: 36

NOT ORIGINAL DOCUMENT
05/02/2019 05:24:54 PM
92461-1

**RESPONSE:**

**REQUEST #6**:          Any and all photographs or video that the Defendant has of the scene of the Fall or the resulting injuries to Plaintiff, including any surveillance tape that shows Plaintiff's fall and/or the 24 hours prior to and after Plaintiff's fall.

**RESPONSE:**

**REQUEST #7**:          Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

**REQUEST #8**:          Copies of any and all statements previously made by Plaintiff or Defendant concerning the subject matter of this lawsuit including any written statement signed or otherwise by either Plaintiff or Defendant in any stenographic, mechanical, electrical or other type of recording or any other transcription thereof made by either Plaintiff or Defendant and contemporaneously recorded.

**RESPONSE:**

**REQUEST #9**:          Any and all drawings, maps or sketches of the scene of Plaintiffs Fall.

**RESPONSE:**

**REQUEST #10:**          Any and all settlement agreements wherein you have arrived at a

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000011 of 000014

Filed          19-CI-00994   03/19/2019          Vincent Riggs, Fayette Circuit Clerk   NOT ORIGINAL DOCUMENT
                                                                          05/02/2019 05:24:54 PM
                                                                          92461-1

settlement or agreement between you and any other person whether or not a party to this lawsuit

regarding or pertaining to the incident forming the basis of this lawsuit or any damages

resulting therefrom.

**RESPONSE:**

**REQUEST #11**:          Any and all reports that were or will be relied upon in whole

or in part by any testifying expert in this case.

**RESPONSE:**

**REQUEST #12**:          Any and all expert reports or things that were or will be

reviewed by a testifying expert in this case.

**RESPONSE:**

**REQUEST #13**:          Any and all work papers, notes, documents in the file of any

expert witness who is expected to testify or in the file of any expert witness who has written a

report, which is or will be relied upon in whole or in part by a testifying expert in this case.

**RESPONSE:**

**REQUEST #14**:          All documents or tangible things prepared by any expert whom

you expect to call as a witness not limited to those which would include his/her report,

observations, opinions, conclusions, photographs, field notes or calculations relied upon for his or

her testimony in this case.

**RESPONSE:**

**REQUEST #15**:          Any and all copies of reports of all similar incidents

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000012 of 000014

Case: 5:19-cv-00197-KKC   Doc #: 1-1   Filed: 05/02/19   Page: 34 of 58 - Page ID#: 38

prepared by any and all employees of the Defendant for the past five years.

     **RESPONSE:**

     **REQUEST #16**:     All materials including but not limited to employee manuals, policy and procedure documents, memoranda and correspondence pertaining to safety rules and/or regulations to be followed by the employees to ensure customer safety at the Defendant's premises which were in effect at the time of Plaintiff's Fall. This includes any training films and/or video tapes used by Defendant concerning customer falls, etc.

     **REQUEST #17:**     A current copy of the curriculum vitae of any expert who may be called to testify at trial.

     **RESPONSE:**

     **REQUEST #18**:     Any documents, incident reports, memorandums or other written records pertaining to any investigation into Plaintiffs Fall.

     **RESPONSE:**

     **REQUEST #19:**     Any known documents and tangible things of which production has not been requested pursuant to any other item of these requests that you intend to offer as evidence at trial of this case.

     **RESPONSE:**

     **REQUEST #20**:     Any documents, including any memorandum, reports, emails, letters, or other notices from Defendant's corporate locations to its stores discussing or detailing steps to be taken in the event that a customer reports an incident that might give rise

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000013 of 000014

Filed 19-CI-00994 03/19/2019 Vincent Riggs, Fayette Circuit Clerk NOT ORIGINAL DOCUMENT
05/02/2019 05:24:54 PM
92461-1

to legal liability against the Defendant.

**RESPONSE:**

**REQUEST #21**: Any documents provided to Defendant by employees, agents, or representatives concerning their observations of the circumstances surrounding Plaintiff's Fall.

**RESPONSE:**

Respectfully submitted,

/s/ J. Tate Meagher
J. Tate Meagher
MEAGHER LAW OFFICE, PLLC
436 South 7th Street, Suite 200
Louisville, KY 40203
(502) 309-9213 (office)
(502) 855-3166 (fax)
tate@meagherlawoffice.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served with the Complaint.

/s/ J. Tate Meagher
J. TATE MEAGHER

Presiding Judge: HON. LUCY A. VANMETER (622386)

IRPD : 000014 of 000014



NOT ORIGINAL DOCUMENT
05/02/2019 05:26:53 PM
92461-1

**Commonwealth of Kentucky**

**Vincent Riggs, Fayette Circuit Clerk**

| | |
|---|---|
| **Case #:** 19-CI-00994 | **Envelope #:** 1532294 |
| **Received From:** JONATHAN MEAGHER | **Account Of:** JONATHAN MEAGHER |
| **Case Title:** TOMPKINS, ROBERT VS. BONNIE PLANTS, INC., ET AL | **Confirmation Number:** 89049996 |
| **Filed On:** 3/19/2019  12:24:04PM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Money Collected For Others(Postage) | $26.00 |
| 8 | Charges For Services(Copy - Photocopy) | $6.80 |
| 9 | Money Collected For Others(Postage) | $14.05 |
| 10 | Money Collected For Others(Secretary of State) | $15.30 |
| 11 | Charges For Services(Copy - Photocopy) | $6.80 |
| 12 | Charges For Services(Attestation) | $0.50 |
| | **TOTAL:** | $290.45 |

Filed          19-CI-00994   04/10/2019          Vincent Riggs, Fayette Circuit Clerk    NOT ORIGINAL DOCUMENT
                                                                                                 05/02/2019 05:27:48 PM
                                                                                                 92461-1

# COMMONWEALTH OF KENTUCKY
## FAYETTE CIRCUIT COURT
### DIVISION 3
### CIVIL ACTION NO. 19-CI-00994
### *ELECTRONICALLY FILED*

ROBERT TOMPKINS                                   **PLAINTIFF**

v.             **<u>RULE 12 MOTION TO DISMISS</u>**
             **<u>BY LOWE'S HOME CENTERS, LLC</u>**

BONNIE PLANTS, INC., ALABAMA             **DEFENDANTS**
FARMERS COOPERATIVE, INC., and
LOWE'S HOME IMPROVEMENT, LLC

* * * * * * * * *

Defendant, Lowe's Home Centers, LLC (incorrectly identified in Plaintiff's Complaint as "Lowe's Home Improvement, LLC") ("Lowe's"), by counsel, and for its response to Plaintiff's Complaint, moves this Court, pursuant to Rule 12 of the Kentucky Rules of Civil Procedure, to dismiss Plaintiff's claims against it for failure to state a claim upon which relief may be granted. As grounds, Defendant Lowe's states that Plaintiff's Complaint fails to state a colorable claim against Lowe's pursuant to Civil Rule 8.01. Additional grounds for Defendant Lowe's motion are included in the attached Memorandum of Law.

<u>NOTICE</u>

This motion shall come on for hearing before the Fayette Circuit Court, Division 3, on **May 3, 2019 at 2:00 p.m.**, or as soon thereafter as counsel may be heard.

DIS : 000001 of 000002

Case: 5:19-cv-00197-KKC   Doc #: 1-1   Filed: 05/02/19   Page: 38 of 58 - Page ID#: 42
NOT ORIGINAL DOCUMENT
05/02/2019 05:27:48 PM
92461-1

Respectfully submitted,

STEPTOE & JOHNSON PLLC

*/s/ Laura L. Mays*
Laura L. Mays, Esq.
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, Kentucky 40504
859.219.8200 (t)
859.255.6903 (f)
laura.mays@steptoe-johnson.com
COUNSEL FOR DEFENDANT LOWE'S

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed with the Clerk using the ECF system and mailed via U.S. mail, postage prepaid, on the 10th day of April, 2019 to the following:

J. Tate Meagher
Meagher Law Office, PLLC
436 South 7th Street, Suite 200
Louisville, Kentucky 40203
*Plaintiff's Counsel*

Bonnie Plants, Inc.
Registered Agent
CT Corporation System
306 West Main Street
Suite 512
Frankfort, Kentucky 40601
*Defendant*

Alabama Farmers Cooperative, Inc.
Registered Agent
Alfred E. Cheatam, Jr.
121 Somerville Road NE
Decatur, Alabama 35601
*Defendant*

*/s/ Laura L. Mays*
COUNSEL FOR DEFENDANT LOWE'S

2

DIS : 000002 of 000002

Case: 5:19-cv-00197-KKC   Doc #: 1-1   Filed: 05/02/19   Page: 39 of 58 - Page ID#: 43

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**DIVISION 3**
**CIVIL ACTION NO. 19-CI-00994**
*ELECTRONICALLY FILED*

ROBERT TOMPKINS                                           PLAINTIFF

v.           <u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>
             <u>**RULE 12 MOTION TO DISMISS**</u>
             <u>**BY LOWE'S HOME CENTERS, LLC**</u>

BONNIE PLANTS, INC., ALABAMA                              DEFENDANTS
FARMERS COOPERATIVE, INC., and
LOWE'S HOME IMPROVEMENT, LLC

\* \* \* \* \* \* \* \* \*

Defendant, Lowe's Home Centers, LLC (incorrectly identified in Plaintiff's

Complaint as "Lowe's Home Improvement, LLC") ("Lowe's"), by counsel, and for its

Memorandum of Law in Support of its Rule 12 Motion to Dismiss, states as follows.

Rule 8.01 of the Kentucky Rules of Civil Procedure requires that plaintiff's

complaint contain "a short and plain statement of the claim showing that the

pleader is entitled to relief...." *See also*, *Snowden v. City of Wilmore*, 412 S.W.3d

195 (Ky. App. 2013). If a motion to dismiss for failure to state a claim upon which

relief may be granted is filed, then all involved must "admit[] as true the material

facts of the complaint," and "the pleadings should be liberally construed in the light

most favorable to the plaintiff, all allegations being taken as true." *Fox v. Grayson*,

317 S.W.3d 1, 7 (Ky. 2010), *citing Upchurch v. Clinton County*, 330 S.W.2d 428, 429-

30 (Ky. 1959), *Morgan v. Bird*, 289 S.W3d 222, 226 (Ky. App. 2009).

To survive a dismissal motion, plaintiff's complaint must give the defendant

MEM : 000001 of 000004

Filed          19-CI-00994    04/10/2019          Vincent Riggs, Fayette Circuit Clerk    NOT ORIGINAL DOCUMENT
05/02/2019 05:28:19 PM
92461-1

notice of the claim and state the elements of the cause of action. *See, Johnson v. Thoni Oil Magic Benzol Gas Stations, Inc.*, 467 S.W.2d 772 (Ky. 1971); *Johnson v. Coleman*, 288 S.W.2d 348 (Ky. 1956). But Kentucky courts have provided even more practical guidance. The *Snowden* Court explained that "[t]he test is whether the pleading sets forth any set of facts which – if proven – would entitle the party to relief." *Snowden*, 412 S.W.3d at 206, *citing* CR 8.01. The Kentucky Supreme Court provided the following guidance in 2010:

> This exacting standard of review eliminates any need by the trial court to make findings of fact; "rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?"

*Fox*, 317 S.W.3d at 7, *citing James v. Wilson*, 95 S.W.3d 875 (Ky. App. 2002).

Assuming all of the factual allegations in plaintiff's complaint are taken as true for the purposes of this motion, plaintiff has failed to state a claim against Lowe's. Plaintiff alleges that on April 17, 2018 he was walking into a Lowe's store when he tripped and fell over a lift gate on the back of a truck which was not owned or operated by Lowe's. *See*, Complaint, at ¶¶7, 10.

With regard to legal allegations, plaintiff states only that "Defendants" were negligent. There are no facts in plaintiff's complaint to put Lowe's on notice of how it was independently negligent. In Kentucky, a "common law negligence claim requires proof of: (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Doss v. Trover*, 2016 WL 102979, *4 (Ky. App.

MEM : 000002 of 000004

2

Filed          19-CI-00994   04/10/2019          Vincent Riggs, Fayette Circuit Clerk   NOT ORIGINAL DOCUMENT
05/02/2019 05:28:19 PM
92461-1

2016), *citing Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012); *see also, Ashcraft v. Kennedy*, 2015 WL 1304171, *3 (Ky. App. 2015) ("in any negligence case, there are three essential elements that must be proved: duty, breach and consequent injury," and "the term 'consequent injury' encompasses two distinct elements – actual injury and legal causation between the breach and the injury"), *citing Grubbs v. Barbourville Family Health Center, P.S.C.*, 120 S.W.3d 682, 687 (Ky.2003); *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88-89 (Ky. 2003). Nowhere in the complaint is Lowe's put on notice of how it was alleged to have breached any duties to plaintiff. There are no factual allegations at all regarding how Lowe's actions or omissions caused plaintiff's alleged injuries.

If all of the factual allegations stated in the complaint are considered to be true only for the purposes of this motion, then the Court may only conclude the following: (1) plaintiff was walking into a Lowe's store on April 17, 2018, and (2) plaintiff tripped and fell over a lift gate on a truck which was owned and operated by an entity which was not Lowe's. Even if those facts are assumed to be true, those facts do not establish a negligence claim in Kentucky against Lowe's.

Based on the foregoing, Defendant Lowe's Home Centers, LLC respectfully requests that the Court grant its motion and dismiss with prejudice, any and all claims against Lowe's.

MEM : 000003 of 000004

Filed          19-CI-00994   04/10/2019          Vincent Riggs, Fayette Circuit Clerk

Filed 19-CI-00994 04/10/2019 Vincent Riggs, Fayette Circuit Clerk NOT ORIGINAL DOCUMENT
05/02/2019 05:28:19 PM
92461-1

Respectfully submitted,

STEPTOE & JOHNSON PLLC

/s/ Laura L. Mays
Laura L. Mays, Esq.
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, Kentucky 40504
859.219.8200 (t)
859.255.6903 (f)
laura.mays@steptoe-johnson.com
COUNSEL FOR DEFENDANT LOWE'S

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed with the Clerk using the ECF system and mailed via U.S. mail, postage prepaid, on the 10th day of April, 2019 to the following:

J. Tate Meagher
Meagher Law Office, PLLC
436 South 7th Street, Suite 200
Louisville, Kentucky 40203
*Plaintiff's Counsel*

Bonnie Plants, Inc.
Registered Agent
CT Corporation System
306 West Main Street
Suite 512
Frankfort, Kentucky 40601
*Defendant*

Alabama Farmers Cooperative, Inc.
Registered Agent
Alfred E. Cheatam, Jr.
121 Somerville Road NE
Decatur, Alabama 35601
*Defendant*

/s/ Laura L. Mays
COUNSEL FOR DEFENDANT LOWE'S

4

MEM : 000004 of 000004

Case: 5:19-cv-00197-KKC   Doc #: 1-1   Filed: 05/02/19   Page: 43 of 58 - Page ID#: 47

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 19-CI-00994
*Electronically Filed*

ROBERT TOMPKINS                                                         PLAINTIFF

VS.                                  **ANSWER**

BONNIE PLANTS, INC. d/b/a BONNIE PLANTS,
ALABAMA FARMERS COOPERATIVE, INC. d/b/a
BONNIE PLANTS, and LOWE'S HOME IMPROVEMENT, LLC,
d/b/a LOWE'S and d/b/a LOWE'S HOME IMPROVEMENT                          DEFENDANTS

                        ***     ***     ***     ***

        Come the Defendants, Bonnie Plants, Inc., d/b/a Bonnie Plants and Alabama Farmers

Cooperative, Inc., d/b/a Bonnie Plants, by counsel, and for their Answer to Plaintiff's Complaint

state as follows:

        1.      These Defendants are without information or knowledge sufficient to form a belief

as to the truth of the averments contained within Paragraph 1 of the Plaintiff's Complaint, and

therefore, deny same.

        2.      These Defendants admit the averments contained within Paragraphs 2 and 3 of the

Plaintiff's Complaint.

        3.      These Defendants are without information or knowledge sufficient to form a belief

as to the truth of the averments contained within Paragraphs 4, 5, and 6 of the Plaintiff's Complaint,

and therefore, deny same.

        4.      These Defendants admit the averments contained within Paragraphs 7 and 8 of the

Plaintiff's Complaint.

        5.      In response to Paragraph 9 of the Plaintiff's Complaint, these Defendants state they

complied with all legal duties owed, if any, and that to the extent Paragraph 9 of the Plaintiff's

Filed          19-CI-00994     04/11/2019          Vincent Riggs, Fayette Circuit Clerk     NOT ORIGINAL DOCUMENT
05/02/2019 05:28:54 PM
92461-1

Complaint misstates these legal duties, if any, and/or to the extent Paragraph 9 of the Plaintiff's

Complaint suggests these Defendants did not comply with these duties, these Defendants deny the

averments contained within Paragraph 9 of the Plaintiff's Complaint.

6.       These Defendants deny the averments contained within Paragraph 10 of the

Plaintiff's Complaint.

7.       These Defendants admit the averments contained within Paragraph 11 of the

Plaintiff's Complaint.

8.       These Defendants deny the averments contained within Paragraphs 12 and 13 of

the Plaintiff's Complaint.

9.       These Defendants are without information or knowledge sufficient to form a belief

as to the truth of the averments contained within Paragraph 13 of the Plaintiff's Complaint, and

therefore, deny same.

10.      These Defendants deny the averments contained within Paragraphs 15 and 16 of

the Plaintiff's Complaint.

11.      These Defendants are without information or knowledge sufficient to form a belief

as to the truth of the averments contained within Paragraph 17 of the Plaintiff's Complaint, and

therefore, deny same.

12.      Each and every averment contained within the Plaintiff's Complaint that is not

specifically admitted herein is hereby expressly denied

### FIRST DEFENSE

As an affirmative defense, these Defendants specifically plead that Plaintiff's Complaint

fails to state a claim against them for which relief may be granted.

ANS : 000002 of 000006

2

Case: 5:19-cv-00197-KKC   Doc #: 1-1   Filed: 05/02/19   Page: 45 of 58 - Page ID#: 49

### SECOND DEFENSE

As an affirmative defense, these Defendants specifically plead that Plaintiff's Complaint fails to name and join in this action all real parties in interest and/or all indispensable, necessary and proper parties.

### THIRD DEFENSE

As an affirmative defense, these Defendants specifically plead that Plaintiff's Complaint is barred, in whole or in part, by the provisions of the Tort Reform Act, as contained in Chapter 411 of the Kentucky Revised Statutes.

### FOURTH DEFENSE

As an affirmative defense, these Defendants specifically plead that the damages alleged in Plaintiff's Complaint, if any, were the direct and proximate cause of the sole and/or comparative negligence of the Plaintiff or the sole and/or persons or entities not presently parties to this lawsuit.

### FIFTH DEFENSE

As an affirmative defense, these Defendants specifically plead that the damages alleged in Plaintiff's Complaint, if any, were avoidable consequences, since the Plaintiff failed to mitigate or reduce his alleged damages, if any.

### SIXTH DEFENSE

As an affirmative defense, these Defendants specifically plead that Plaintiff has waived the right to assert a claim against them and is, therefore, estopped to do so in this lawsuit.

### SEVENTH DEFENSE

As an affirmative defense, these Defendants state that the Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations, and/or the equitable doctrine of laches.

3

ANS : 000003 of 000006

Filed          19-CI-00994     04/11/2019          Vincent Riggs, Fayette Circuit Clerk          NOT ORIGINAL DOCUMENT
                                                                                              05/02/2019 05:28:54 PM
                                                                                                     92461-1

## EIGHTH DEFENSE

As an affirmative defense, these Defendants specifically plead that the injuries and damages alleged in Plaintiff's Complaint, if any, were the direct and proximate result of superseding and/or intervening causes of which these Defendants had no responsibility or control.

## NINTH DEFENSE

As an affirmative defense, these Defendants state that if Plaintiff's fall was caused by any dangerous condition on the premises described in Plaintiff's Complaint, which is specifically denied, then that condition was open and obvious to Plaintiff.

## TENTH DEFENSE

As an affirmative defense, these Defendants state that Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

## ELEVENTH DEFENSE

As an affirmative defense, these Defendants state that if any dangerous condition was present on the premises described in Plaintiff's Complaint, which is specifically denied, then said condition was not discovered by these Defendants, despite their exercise of all reasonable care to discovery same, and/or these Defendants gave warning adequate to enable Plaintiff to avoid harm and/or otherwise protect herself from harm.

## TWELFTH DEFENSE

As an affirmative defense, these Defendants specifically plead that prejudgment interest cannot be awarded for an unliquidated claim.

ANS : 000004 of 000006

Filed          19-CI-00994     04/11/2019          Vincent Riggs, Fayette Circuit Clerk

## THIRTEENTH DEFENSE

As an affirmative defense, these Defendants state that attorney fees are not recoverable as damages under Kentucky law in the absence of a specific contractual provision or statute permitting same.

## FOURTEENTH DEFENSE

These Defendants reserve the right to amend this Answer or to assert any additional defenses that become known and available to them.

WHEREFORE, Bonnie Plants, Inc., d/b/a Bonnie Plants and Alabama Farmers Cooperative, Inc., d/b/a Bonnie Plants, pray the Court as follows:

1.      That Plaintiff's Complaint filed against them in this action be DISMISSED with PREJUDICE and stricken from the docket;

2.      That they be awarded their costs herein expended, and including reasonable attorney's fees (if applicable);

3.      For a trial of this cause by jury; and,

4.      For any and all other just and proper relief that the Court may deem them entitled.

Respectfully submitted,

WMR DEFENSE

John W. Walters
Lucas R. Harrison
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:      (859) 219-9090
Facsimile:      (859) 219-9292
COUNSEL FOR DEFENDANTS,
BONNIE PLANTS, INC., d/b/a BONNIE PLANTS
AND ALABAMA FARMERS COOPERATIVE,
INC., d/b/a/ BONNIE PLANTS

5

ANS : 000005 of 000006

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 11th day of April  2019 by

mailing and/or emailing a true and accurate copy to the following:

J. Tate Meagher                          Lowe's Home Improvement, LLC
Meagher Law Office, PLLC                 C/O Corporation Service Company
436 South 7th Street, Suite 200          421 West Main Street
Louisville, KY 40203                     Frankfort, KY 40601
*Counsel for Plaintiff*                  *Defendant*

_____
COUNSEL FOR DEFENDANTS,
BONNIE PLANTS, INC., d/b/a BONNIE PLANTS
AND ALABAMA FARMERS COOPERATIVE,
INC., d/b/a/ BONNIE PLANTS

0923.006190C:\NRPortbl\Golden_and_Walters\JAIME\1016054_1.docx

6

ANS : 000006 of 000006

Filed          19-CI-00994   04/11/2019          Vincent Riggs, Fayette Circuit Clerk   NOT ORIGINAL DOCUMENT
05/02/2019 05:29:18 PM
92461-1

# COMMONWEALTH OF KENTUCKY
## FAYETTE CIRCUIT COURT
## DIVISION 3
## CIVIL ACTION NO. 19-CI-00994
### *ELECTRONICALLY FILED*

ROBERT TOMPKINS                                         PLAINTIFF


v.          **CR 5.02 NOTICE TO EFFECTUATE AND**
            **RECEIVE SERVICE VIA ELECTRONIC MEANS**


BONNIE PLANTS, INC., ALABAMA                      DEFENDANTS
FARMERS COOPERATIVE, INC., and
LOWE'S HOME IMPROVEMENT, LLC

**\* \* \* \* \* \* \* \* \***

PLEASE TAKE NOTICE that Defendant Lowe's Home Centers, LLC (incorrectly identified in Plaintiff's Complaint as "Lowe's Home Improvement, LLC") ("Lowe's"), by counsel, and pursuant to Rule 5.02(2) of the Kentucky Rules of Civil Procedure, elects to receive service via email to and from all other attorneys or parties in this action. Counsel requests that service to Defendant Lowe's counsel of record be made to the following electronic mail addresses: **laura.mays@steptoe-johnson.com** and **melinda.sparks@steptoe-johnson.com.**

All parties to this action are hereby notified that pursuant to Rule 5.02(2) of the Kentucky Rules of Civil Procedure, they must immediately begin serving the undersigned counsel at the email addresses stated herein, unless specifically relieved of this obligation by Order of this Court for good cause.

Filed          19-CI-00994     04/11/2019          Vincent Riggs, Fayette Circuit Clerk     NOT ORIGINAL DOCUMENT
                                                                                   05/02/2019 05:29:18 PM
                                                                                   92461-1

Respectfully submitted,

STEPTOE & JOHNSON PLLC

*/s/ Laura L. Mays*
Laura L. Mays, Esq.
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, Kentucky 40504
859.219.8200 (t)
859.255.6903 (f)
laura.mays@steptoe-johnson.com
COUNSEL FOR DEFENDANT LOWE'S

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed with the Clerk using the ECF system and mailed via U.S. mail, postage prepaid, on the 11th day of April, 2019 to the following:

J. Tate Meagher
Meagher Law Office, PLLC
436 South 7th Street, Suite 200
Louisville, Kentucky 40203
*Plaintiff's Counsel*

Bonnie Plants, Inc.
Registered Agent
CT Corporation System
306 West Main Street
Suite 512
Frankfort, Kentucky 40601
*Defendant*

Alabama Farmers Cooperative, Inc.
Registered Agent
Alfred E. Cheatam, Jr.
121 Somerville Road NE
Decatur, Alabama 35601
*Defendant*

*/s/ Laura L. Mays*
COUNSEL FOR DEFENDANT LOWE'S

2

NO : 000002 of 000002

NOT ORIGINAL DOCUMENT
05/02/2019 05:30:12 PM
92461-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 19-CI-00994
*Electronically Filed*

ROBERT TOMPKINS                                                  PLAINTIFF

VS.                          **RULE 22 CERTIFICATION**

BONNIE PLANTS, INC. d/b/a BONNIE PLANTS,
ALABAMA FARMERS COOPERATIVE, INC. d/b/a
BONNIE PLANTS, and LOWE'S HOME IMPROVEMENT, LLC,
d/b/a LOWE'S and d/b/a LOWE'S HOME IMPROVEMENT        DEFENDANTS

\*\*\*     \*\*\*     \*\*\*     \*\*\*

Come the Defendants, Defendants, Bonnie Plants, Inc., d/b/a Bonnie Plants and Alabama

Farmers Cooperative, Inc., d/b/a Bonnie Plants, by counsel, and hereby certify that pursuant to

Rule 22 of local rules of the Fayette Circuit Court and Rules 33 and 34 of the Kentucky Rules of

Civil Procedure, they have served their First Set of Interrogatories and Requests for Production of

Documents and Requests for Admission to Plaintiff, Robert Tompkins, on this the 11ᵗʰ day of

April 2019.

Respectfully submitted,

WMR DEFENSE

_____
John W. Walters
Lucas R. Harrison
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:     (859) 219-9090
Facsimile:     (859) 219-9292
COUNSEL FOR DEFENDANTS,
BONNIE PLANTS, INC., d/b/a BONNIE PLANTS
AND ALABAMA FARMERS COOPERATIVE,
INC., d/b/a/ BONNIE PLANTS

NF : 000001 of 000002

Case: 5:19-cv-00197-KKC   Doc #: 1-1   Filed: 05/02/19   Page: 52 of 58 - Page ID#: 56

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 11th day of April  2019 by

mailing and/or emailing a true and accurate copy to the following:

J. Tate Meagher                           Lowe's Home Improvement, LLC
Meagher Law Office, PLLC                  C/O Corporation Service Company
436 South 7th Street, Suite 200           421 West Main Street
Louisville, KY 40203                      Frankfort, KY 40601
*Counsel for Plaintiff*                   *Defendant*

_____
COUNSEL FOR DEFENDANTS,
BONNIE PLANTS, INC., d/b/a BONNIE PLANTS
AND ALABAMA FARMERS COOPERATIVE,
INC., d/b/a/ BONNIE PLANTS

0923.006190C:\NRPortbl\Golden_and_Walters\JAIME\1021152_1.docx

2

NF : 000002 of 000002

NOT ORIGINAL DOCUMENT
05/02/2019 05:30:51 PM
92461-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 19-CI-00994
*Electronically Filed*

ROBERT TOMPKINS                                  PLAINTIFF

VS.                 **ENTRY OF APPEARANCE**

BONNIE PLANTS, INC. d/b/a BONNIE PLANTS,
ALABAMA FARMERS COOPERATIVE, INC. d/b/a
BONNIE PLANTS, and LOWE'S HOME IMPROVEMENT, LLC,
d/b/a LOWE'S and d/b/a LOWE'S HOME IMPROVEMENT      DEFENDANTS

***     ***     ***     ***

All parties and the Court herein shall please take notice that John W. Walters and Lucas R.

Harrison of the firm of WMR Defense hereby enter an appearance as counsel of record for the

Defendants, Lowe's Home Improvement, LLC, d/b/a Lowe's, and Lowe's Home Improvement.

All correspondence, pleadings, and other communications should be forwarded to Hon. John W.

Walters and Lucas R. Harrison at the address and telephone number listed below.

Respectfully submitted,

WMR DEFENSE

John W. Walters
Lucas R. Harrison
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:     (859) 219-9090
Facsimile:      (859) 219-9292
COUNSEL FOR DEFENDANTS

EA : 000001 of 000002

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 16th day of April 2019 by

mailing and/or emailing a true and accurate copy to the following:

J. Tate Meagher
Meagher Law Office, PLLC
436 South 7th Street, Suite 200
Louisville, KY 40203
*Counsel for Plaintiff*

Laura L. Mays
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, Kentucky 40504
*Co-Counsel for Defendant,*
*Lowe's Home Improvement, LLC*

COUNSEL FOR DEFENDANTS

0923.006190C:\NRPortbl\Golden_and_Walters\JAIME\1024411_1.docx

2

EA : 000002 of 000002

Filed 19-CI-00994 04/17/2019 Vincent Riggs, Fayette Circuit Clerk NOT ORIGINAL DOCUMENT
05/02/2019 05:31:16 PM
92461-1

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**DIVISION 3**
**CIVIL ACTION NO. 19-CI-00994**

ROBERT TOMPKINS                                                           PLAINTIFF

v.                                  **DEFENDANT'S NOTICE OF SERVICE**

BONNIE PLANTS, INC., *ET AL*                                    DEFENDANTS

\* \* \* \* \* \* \* \* \*

PLEASE TAKE NOTICE that Defendant, Lowe's Home Centers, LLC, by counsel, served its Answer to Plaintiff's Request for Admission on the 17th day of April, 2019.

Respectfully submitted,

Steptoe & Johnson, PLLC

*/s/ Laura L. Mays*
Laura L. Mays, Esq.
One Paragon Centre
2525 Harrodsburg Road, Suite 300
Lexington, Kentucky 40504
859.219.8216 (t) /    859.255.6309 (f)
laura.mays@steptoe-johnson.com
*COUNSEL FOR DEFENDANT*
*LOWE'S HOME CENTERS, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th of April, 2019, a copy of the foregoing *Notice of Service* was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and Email. Parties may access this filing through the Court's system:

NO : 000001 of 000002

Filed          19-CI-00994   04/17/2019        Vincent Riggs, Fayette Circuit Clerk  NOT ORIGINAL DOCUMENT
                                                                     05/02/2019 05:31:16 PM
                                                                     92461-1

J. Tate Meagher
Meagher Law Office, PLLC
436 South 7th Street, Suite 200
Louisville, Kentucky 40203
tate@meagherlawoffice.com
*Counsel for Plaintiff*

John W. Walters
Lucas R. Harrison
WMR Defense
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
john@wmrdefense.com
lucas@wmrdefense.com
*Counsel for Defendants*

*/s/ Laura L. Mays*
*COUNSEL FOR DEFENDANT,*
*LOWE'S HOME CENTERS, LLC*

2

NO : 000002 of 000002

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 19-CI-00994
*Electronically Filed*

ROBERT TOMPKINS                                                    **PLAINTIFF**

VS.                              **NOTICE OF ENTRY OF APPEARANCE**

BONNIE PLANTS, INC. d/b/a BONNIE PLANTS,
ALABAMA FARMERS COOPERATIVE, INC. d/b/a
BONNIE PLANTS, and LOWE'S HOME IMPROVEMENT, LLC,
d/b/a LOWE'S and d/b/a LOWE'S HOME IMPROVEMENT          **DEFENDANTS**

***        ***        ***        ***

All parties and the Court herein please take notice that Gary W. Thompson of WMR Defense hereby enters his appearance as co-counsel for the Defendants, Bonnie Plants, Inc., d/b/a Bonnie Plants, Alabama Farmers Cooperative, Inc., d/b/a Bonnie Plants, Lowe's Home Centers, LLC (incorrectly identified in Plaintiff's Complaint as "Lowe's Home Improvement, LLC"). All future correspondence, pleadings, and other communications should be forwarded to attorneys John W. Walters, Gary W. Thompson, and Lucas Harrison at the address and telephone number listed below and Gary W. Thompson's name should appear on all Certificates of Service for all pleadings.

Respectfully submitted,

WMR DEFENSE

/s/Gary W. Thompson
John W. Walters
Gary W. Thompson
Lucas R. Harrison
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:      (859) 219-9090
Facsimile:      (859) 219-9292
COUNSEL FOR DEFENDANTS

BCA62EE5-2217-49D1-925F-074B25778622C : 000001 of 000002

BCA62EE5-2217-49D1-925F-074B25778262C : 000002 of 000002

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing has been served on this the 2nd day of May  2019 by

mailing and/or emailing a true and accurate copy to the following:

| | |
|---|---|
| J. Tate Meagher | Laura L. Mays |
| Meagher Law Office, PLLC | One Paragon Centre |
| 436 South 7th Street, Suite 200 | 2525 Harrodsburg Road, Suite 300 |
| Louisville, KY 40203 | Lexington, Kentucky 40504 |
| *Counsel for Plaintiff* | *Co-Counsel for Defendant,* |
| | *Lowe's Home Improvement, LLC* |

/s/ Gary W. Thompson
COUNSEL FOR DEFENDANTS

0923.006190C:\NRPortbl\Golden_and_Walters\GARY\1033522_1.docx

2