UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| ROBERT TOMPKINS | FILED ELECTRONICALLY |
| PLAINTIFF, | |
| VS. | |
| BONNIE PLANTS, INC. d/b/a BONNIE PLANTS, ALABAMA FARMERS COOPERATIVE, INC. d/b/a BONNIE PLANTS, AND LOWE'S HOME IMPROVEMENT, LLC d/b/a LOWE'S and d/b/a LOWE'S HOME IMPROVEMENT | CASE NO. 5:19-cv-00197-KKC |
| DEFENDANTS | |

## FIRST AMENDED COMPLAINT

Comes the Plaintiff, ROBERT TOMPKINS, by and through undersigned counsel, and for his cause of action against Defendants, Bonnie Plants, Inc. d/b/a Bonnie Plants (hereinafter 'Bonnie"), Alabama Farmers Cooperative, Inc. d/b/a Bonnie Plants (hereinafter "AFC"), and Lowe's Home Improvement, LLC d/b/a Lowe's and d/b/a Lowe's Home Improvement (hereinafter "Lowe's"), hereby states as follows:

1. At all times relevant hereto, Plaintiff was and is a citizen of Lexington, Fayette County, Kentucky.

2. At all times relevant hereto, Defendant Bonnie is a foreign corporation with its principal place of business in Decatur, Alabama, that is actively conducting business in Fayette County and subject to the jurisdiction of this Court.

3. At all times relevant hereto, Defendant AFC is a foreign corporation with its principal place of business in Decatur, Alabama, that is actively conducting business

in Fayette County and subject to the jurisdiction of this Court.

4. At all times relevant hereto, Defendant Lowe's is a foreign limited liability company with its principal place of business in Wilkesboro, NC that is actively conducting business as a home improvement store in Fayette County and subject to the jurisdiction of this Court.

5. At all times relevant hereto, Defendant Lowe's owned, managed, maintained, controlled and/or supervised a retail store located at 2300 Grey Lag Way, Lexington, KY 40509.

6. At all times relevant hereto, Defendant Lowe's, by and through its agents, ostensible agents, servants, employees and/or representatives, had a duty to maintain said premises and all surrounding areas of the retail store located at 2300 Grey Lag Way, Lexington, KY 40509 in which Defendant Lowe's conducted any business operations, in a reasonably safe condition for and to exercise ordinary care with respect to the safety of those legally upon the premises or the surrounding areas of the retail store located at 2300 Grey Lag Way, Lexington, KY 40509 in which Defendant Lowe's conducted any business operations.

7. On or about April 17, 2018, Defendants Bonnie and/or Defendant AFC owned, managed, maintained, controlled and/or supervised a truck (hereinafter the "Truck") that was parked near the front of the retail store located at 2300 Grey Lag Way, Lexington, KY 40509.

8. Upon information and belief, the Truck was parked near the front of the retail store located at 2300 Grey Lag Way, Lexington, KY 40509 for the purpose of unloading merchandise from the Truck to the retail store and/or loading merchandise

from the retail store into the Truck.

9. At all times relevant hereto, Defendants Bonnie and/or AFC, by and through its agents, ostensible agents, servants, employees and/or representatives, had a duty to maintain the Truck while it was parked near the front of the retail store located at 2300 Grey Lag Way, Lexington, KY 40509 on the date set out above in a reasonably safe condition for and to exercise ordinary care with respect to the safety of those legally upon the premises.

10. On the date set out above, as a direct and proximate result of the negligent acts and/or omissions of all Defendants, by and through their agents, ostensible agents, servants, employees and/or representatives, Plaintiff, as a business invitee, while lawfully upon or near the premises of the retail store located at 2300 Grey Lag Way, Lexington, KY 40509 and exercising due care for his own safety, was approaching to enter the store and tripped on the liftgate at the rear of the Truck, causing Plaintiff to fall (hereinafter "Plaintiff's Fall").

11. Defendant Lowe's, by and through its agents, ostensible agents, servants, employees and/or representatives, had a duty to maintain the area where Plaintiff Fall occurred in a reasonably safe condition for and to exercise ordinary care with respect to the safety of Plaintiff and others legally upon the area where Plaintiff Fall occurred.

12. At the time of Plaintiff's Fall, the liftgate on the Truck was at ground level at the rear of the Truck.

13. The positioning of the liftgate on the Truck at ground level created a dangerous condition on or near said premises.

14. The dangerous condition created by the positioning the liftgate on the

Truck at ground level caused Plaintiff's Fall.

15. Upon information and belief, Defendants Bonnie, AFC, and/or Lowe's created the dangerous condition on or near said premises by positioning the liftgate on the Truck at ground level.

16. All Defendants, by and through its agents, ostensible agents, servants, employees and/or representatives, had a duty to provide adequate warning of the dangerous condition that caused Plaintiff's Fall.

17. At the time of Plaintiff's Fall, all Defendants failed to adequately warn Plaintiff of the dangerous condition that caused Plaintiff's Fall.

18. Defendant Lowe's breached its duty owed Plaintiff to maintain the area where Plaintiff's fall occurred in a reasonably safe condition.

19. Defendants failed to exercise ordinary care with respect to the safety of Plaintiff.

20. Defendants Bonnie and/or AFC, breached its duty owed Plaintiff to maintain the Truck while it was parked near the front of the retail store located at 2300 Grey Lag Way, Lexington, KY 40509 on the date set out above in a reasonably safe condition.

21. Plaintiff's Fall was as the direct and proximate result of the negligent acts and/or omissions of all Defendants.

22. As a result of Plaintiff's Fall, Plaintiff suffered injuries, primarily to his head/brain and right eye.

23. As a direct and proximate result of the negligent acts and/or omissions of all Defendants, by and through their agents, ostensible agents, servants, employees and/or

representatives, Plaintiff was caused to incur medical expenses both past and future, physical and mental pain and suffering both past and future, lost wages and impaired capacity to earn in the future, increased risk of harm, mental anguish and lost enjoyment of life.

24. The acts and/or omissions of Defendants, by and through its agents, ostensible agents, servants, employees and/or representatives, were undertaken with a reckless disregard for the safety of others in general and the Plaintiff in particular.

25. Plaintiff's damages are in excess of the minimum dollar amount necessary to invoke the jurisdiction of this Court.

**WHEREFORE**, Plaintiff, by and through undersigned counsel, respectfully demands judgment against Defendants as follows:

1. For an amount of compensatory damages that is fair and reasonable as established by the evidence;

2. For prejudgment interest from the date of injury until such time as judgment is paid;

3. For his costs herein expended; and

4. For any and all other relief to which he may be entitled.

Respectfully submitted,

/s/ *J. Tate Meagher*
J. Tate Meagher
MEAGHER LAW OFFICE, PLLC
436 South 7th Street, Suite 200
Louisville, KY 40203
(502) 309-9213 (office)
(502) 855-3166 (fax)
tate@meagherlawoffice.com
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On May 8th, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/EDF system, which will send a notice of electronic filing to all counsel of record.

/s/ *J. Tate Meagher*
COUNSEL FOR PLAINTIFF