UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| ROBERT TOMPKINS | Filed Electronically |
|     PLAINTIFF, | |
| VS. | |
| BONNIE PLANTS, INC. d/b/a BONNIE PLANTS, ALABAMA FARMERS COOPERATIVE, INC. d/b/a BONNIE PLANTS, AND LOWE'S HOME IMPROVEMENT, LLC, d/b/a LOWE'S and d/b/a LOWE'S HOME IMPROVEMENT | **CASE NO. 5:19-cv-00197-KKC** |
|     DEFENDANTS. | |

**ANSWER TO FIRST AMENDED COMPLAINT**

Come the Defendants, Bonnie Plants, Inc., d/b/a Bonnie Plants, Alabama Farmers Cooperative, Inc., d/b/a Bonnie Plants, and Lowe's Home Centers, LLC (incorrectly identified as "Lowe's Home Improvement, LLC") by counsel, and for their Answer to Plaintiff's First Amended Complaint state as follows:

1. These Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained within Paragraph 1 of the Plaintiff's First Amended Complaint, and therefore, deny same.

2. These Defendants admit the averments contained within Paragraphs 2 and 3 of the Plaintiff's First Amended Complaint.

3. These Defendants deny the averments contained with Paragraphs 4 and 5 of the Plaintiff's First Amended Complaint.

4. In response to Paragraph 6 of the Plaintiff's First Amended Complaint, these Defendants state that they complied with all legal duties owed, if any, and that to the extent

Paragraph 6 of the Plaintiff's First Amended Complaint misstates these legal duties, if any, and/or to the extent Paragraph 6 of the Plaintiff's First Amended Complaint suggest these Defendants did not comply with these duties, the averments contained within Paragraph 6 of the Plaintiff's First Amended Complaint are denied.

5. These Defendants deny the averments contained within Paragraph 7 of the Plaintiff's First Amended Complaint.

6. These Defendants admit the averments contained with Paragraph 8 of the Plaintiff's First Amended Complaint.

7. In response to Paragraph 9 of the Plaintiff's First Amended Complaint, these Defendants state that they complied with all legal duties owed, if any, and that to the extent Paragraph 6 of the Plaintiff's First Amended Complaint misstates these legal duties, if any, and/or to the extent Paragraph 9 of the Plaintiff's First Amended Complaint suggest these Defendants did not comply with these duties, the averments contained within Paragraph 9 of the Plaintiff's First Amended Complaint are denied.

8. These Defendants deny the averments contained within Paragraph 10 of the Plaintiff's First Amended Complaint.

9. In response to Paragraph 11 of the Plaintiff's First Amended Complaint, these Defendants state that they complied with all legal duties owed, if any, and that to the extent Paragraph 6 of the Plaintiff's First Amended Complaint misstates these legal duties, if any, and/or to the extent Paragraph 11 of the Plaintiff's First Amended Complaint suggest these Defendants did not comply with these duties, the averments contained within Paragraph 11 of the Plaintiff's First Amended Complaint are denied.

10. These Defendants admit the averments contained within Paragraph 12 of the Plaintiff's First Amended Complaint.

11. These Defendants deny the averments contained within Paragraphs 13, 14, 15, 16, 17, 18, 19, 20, and 21 of the Plaintiff's First Amended Complaint.

12. These Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained within Paragraph 22 of the Plaintiff's First Amended Complaint, and therefore, deny same.

13. These Defendants deny the averments contained within Paragraphs 23 and 24 of the Plaintiff's First Amended Complaint.

14. These Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained within Paragraph 25 of the Plaintiff's First Amended Complaint, and therefore, deny same.

15. Each and every averment contained within the Plaintiff's First Amended Complaint that is not specifically admitted herein is hereby expressly denied

## FIRST DEFENSE

As an affirmative defense, these Defendants specifically plead that Plaintiff's First Amended Complaint fails to state a claim against them for which relief may be granted.

## SECOND DEFENSE

As an affirmative defense, these Defendants specifically plead that Plaintiff's First Amended Complaint fails to name and join in this action all real parties in interest and/or all indispensable, necessary and proper parties.

## THIRD DEFENSE

As an affirmative defense, these Defendants specifically plead that Plaintiff's First Amended Complaint is barred, in whole or in part, by the provisions of the Tort Reform Act, as contained in Chapter 411 of the Kentucky Revised Statutes.

## FOURTH DEFENSE

As an affirmative defense, these Defendants specifically plead that the damages alleged in Plaintiff's First Amended Complaint, if any, were the direct and proximate cause of the sole and/or comparative negligence of the Plaintiff or the sole and/or persons or entities not presently parties to this lawsuit.

## FIFTH DEFENSE

As an affirmative defense, these Defendants specifically plead that the damages alleged in Plaintiff's First Amended Complaint, if any, were avoidable consequences, since the Plaintiff failed to mitigate or reduce his alleged damages, if any.

## SIXTH DEFENSE

As an affirmative defense, these Defendants specifically plead that Plaintiff has waived the right to assert a claim against them and is, therefore, estopped to do so in this lawsuit.

## SEVENTH DEFENSE

As an affirmative defense, these Defendants state that the Plaintiff's First Amended Complaint is barred, in whole or in part, by the applicable statute of limitations, and/or the equitable doctrine of laches.

## EIGHTH DEFENSE

As an affirmative defense, these Defendants specifically plead that the injuries and damages alleged in Plaintiff's First Amended Complaint, if any, were the direct and proximate result of superseding and/or intervening causes of which these Defendants had no responsibility or control.

**NINTH DEFENSE**

As an affirmative defense, these Defendants state that if Plaintiff's fall was caused by any dangerous condition on the premises described in Plaintiff's First Amended Complaint, which is specifically denied, then that condition was open and obvious to Plaintiff.

**TENTH DEFENSE**

As an affirmative defense, these Defendants state that Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

**ELEVENTH DEFENSE**

As an affirmative defense, these Defendants state that if any dangerous condition was present on the premises described in Plaintiff's First Amended Complaint, which is specifically denied, then said condition was not discovered by these Defendants, despite their exercise of all reasonable care to discovery same, and/or these Defendants gave warning adequate to enable Plaintiff to avoid harm and/or otherwise protect herself from harm.

**TWELFTH DEFENSE**

As an affirmative defense, these Defendants specifically plead that prejudgment interest cannot be awarded for an unliquidated claim.

**THIRTEENTH DEFENSE**

As an affirmative defense, these Defendants state that attorney fees are not recoverable as damages under Kentucky law in the absence of a specific contractual provision or statute permitting same.

**FOURTEENTH DEFENSE**

These Defendants reserve the right to amend this Answer or to assert any additional defenses that become known and available to them.

WHEREFORE, Bonnie Plants, Inc., d/b/a Bonnie Plants and Alabama Farmers Cooperative, Inc., d/b/a Bonnie Plants, pray the Court as follows:

1. That Plaintiff's First Amended Complaint filed against them in this action be DISMISSED with PREJUDICE and stricken from the docket;

2. That they be awarded their costs herein expended, and including reasonable attorney's fees (if applicable);

3. For a trial of this cause by jury; and,

4. For any and all other just and proper relief that the Court may deem them entitled.

Respectfully submitted,

WMR DEFENSE

*/s/ Lucas R. Harrison*
John W. Walters
Gary W. Thompson
Lucas R. Harrison
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:   (859) 219-9090
Facsimile:    (859) 219-9292
john@wmrdefense.com
gary@wmrdefense.com
lucas@wmrdefense.com
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

On August 23, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Lucas R. Harrison*
COUNSEL FOR DEFENDANTS

923.006190C:\NRPortbl\Golden_and_Walters\JAIME\1091634_1.docx