**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

| | |
|---|---|
| **ROBERT TOMPKINS,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | NO. 5:19-CV-0197-MAS |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| **BONNIE PLANTS, INC., et al.,** ) | **ORDER** |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

The matter before the Court is neither complicated nor factually disputed. Defendant Lowe's claims it is entitled to summary judgment under Kentucky law for an accident that occurred when the plaintiff tripped over a third party's vehicle near the Lowe's entrance. On the thin arguments advanced by Lowe's, the Court disagrees.

## I.   PROCEDURAL BACKGROUND

Defendant Lowe's Home Improvement, LLC, ("Lowe's") requests the Court grant summary judgment in its favor. [DE 44]. Plaintiff Robert Tompkins ("Tompkins") filed a Response in opposition [DE 47]; Defendant Bonnie Plants, Inc. ("Bonnie Plants") filed a Response not opposing Lowe's Motion for Summary Judgment [DE 50] but objecting to Tompkins' Response; and finally, Lowe's replied in support of its Motion. [DE 51]. The matter is now ripe for a decision.

## II.   FACTUAL BACKGROUND

The facts of this case are generally agreed upon. Regardless, the Court must "adhere to the axiom that in ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be

1

believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). As set forth in Tompkins's Response, Robert Tompkins and his wife headed to Lowe's in April 2018 when the following events transpired:

> [W]hen they got to the garden department entrance, however, there was a piece of paper on the entrance that stated, "Closed, Use main entrance" and had an arrow on it pointing towards the main entrance; Plaintiff and his wife then began making their way to the main entrance of the Lowe's store when he first noticed the Bonnie Plants truck; the Bonnie Plants truck was parked in the driving lane in the parking lot in front of the garden center entrance of the Lowe's store; about half of the truck was parked in the driving lane and half was parked in the "yellow dashed area" adjacent to the store; and while approaching the main entrance, he tripped on the lift gate which was extended to the ground at the rear of the Bonnie Plants truck. Plaintiff's wife, Norma Tompkins, also testified that the applicable Bonnie Plants truck was parked just outside the garden entrance ("in the fire lane") at the Lowe's store. Bonnie Plants employee, Terry Lake, confirmed the same.

[DE 47 at Page ID # 781, footnotes omitted].

The only disputed fact the Court can discern in this case is whether Lowe's owned the property just outside its store entrance where the above-described incident occurred. Plaintiff does not address Lowe's statement that "Plaintiff was not on this Defendant's premises when the accident occurred," but generally refers to Lowe's as the "landowner" without explanation. Meanwhile, Lowe's does not contest Tompkins's description that the fall happened when the Bonnie Plants truck was parked "in the fire lane," or partially on the "yellow dashed area" in front of the Lowe's entrance area. [*See* Deposition of Robert Tompkins, DE 44-2 at Page ID # 367-68; Deposition of Norma Tompkins, DE 44-3 at Page ID # 555]. In short, Tompkins does not provide any evidence that Lowe's owned the property where the fall occurred, and Lowe's does not provide any evidence that Tompkins was not on Lowe's premises when he fell.

### III.   APPLICABLE LAW

Lowe's removed this case to federal court based on diversity jurisdiction. 28 U.S.C. § 1332. [DE 1]. Thus, Kentucky substantive premises liability law applies in this case. Federal law governs the procedural aspects of this case, including the summary judgment standard. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("federal courts are to apply state substantive law and federal procedural law."); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

Regarding Kentucky substantive law, this case presents a claim based on premises liability, which requires a plaintiff to prove: "(1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012). Kentucky courts use a burden-shifting approach in analyzing premises liability. *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003).[1]

> In analyzing the issues of breach and causation in commercial slip and fall cases, Kentucky applies a burden shifting framework. Thus, plaintiff[] must demonstrate both the existence of an unreasonably dangerous condition and that the condition was a substantial factor in causing [his] accident and injury. Once the plaintiff satisfied both prerequisites, the burden shifts to the defendant to prove that it exercised reasonable care.

*Cooper v. Steak N Shake, Inc.*, 2019 WL 5212888, at *3 (E.D. Ky. Oct. 16, 2019)(citing *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003) and *Bartley v. Educ. Training Sys., Inc.*, 134 S.W.3d 612, 616 (Ky. 2004)).

---

[1] In its Reply, Lowe's questions the application of Lanier to the current case. [DE 51 at Page ID # 795]. Yet, Lowe's fails to cite any authority in support. The Court recognizes that other courts have questioned *Lanier*'s application in limited factual situations. *See, e.g.*, *Woltman v. Pepsi Midamerica Co.*, 2008 WL 2038880 (W.D. Ky. May 12, 2008). But Kentucky courts have uniformly applied the shifting burden standard from *Lanier* in slip and fall cases and the factual situations at issue in *Woltman* are not present here.

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the ultimate burden of persuading the court that there are no disputed material facts and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether the "evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law[,]" the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989); *Anderson*, 477 U.S. at 255.

### IV.   ANALYSIS

Initially, the Court must address whether Lowe's owed a duty to Tompkins in the current circumstance. If so, the Court will next turn to the burden-shifting approach outlined in *Lanier* and its progeny.

**A.   LOWE'S OWED A DUTY TO TOMPKINS.**

Restatement (Second) of Torts § 344 provides the following guidance for premises liability actions involving third parties.

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts ***of third persons*** or animals, and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

RESTATEMENT (SECOND) OF TORTS § 344 (Am. Law. Inst. 1975) (emphasis added). Kentucky courts have repeatedly cited to § 344 and upheld its rationale. *See*, *e.g.*, *Collins v. Newport on the Levee, LLC*, 2015 WL 1969409, at *3 (Ky. App. May 1, 2015) (quoting *Ferrell v. Hellems*, 408 S.W.2d 459, 463 (Ky. 1966)). Kentucky law is clear: a party in control of the premises owes a

4

duty and is "subject to liability to members of the public" who are on its premises for a business purpose for acts of a third party that results in harm where the party in control of the premises failed to exercise reasonable care or provide a warning to the business invitee. *See Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 433 (Ky. 2003) (citing RESTATEMENT (SECOND) OF TORTS § 343-44).

Lowe's six-page motion simply sidesteps and ignores this jurisprudence. Rather, Lowe's contends summary judgment in its favor is appropriate because "[t]he only relation this Defendant has to Plaintiff's accident was the proximity to the Retail Store[,] and "[t]here has been no evidence indicating this Defendant had any involvement in Plaintiff's accident whatsoever." [DE 44-1 at Page ID # 277]. In other words, Lowe's does not have a duty because "Plaintiff was not on this Defendant's premises when the accident occurred." [DE 44-1 at Page ID # 276]. Lowe's support for this statement is supposedly found in Robert Tompkins's deposition in the following exchange:

> Q: Okay. So you turn to your right, and you're heading towards the center doors, is that correct?
>
> A: Yes.

[DE 44-1 at Page ID # 276, n. 6, citing R. Tompkins's Dep., DE 44-2 at pg. 77, ln. 3-5 (found at Page ID # 356)].

The Court cannot discern from this or Lowe's other, limited record citations who owned the real property at the exact spot of Tompkins's fall. Regardless, ownership is immaterial to the analysis. "As the RESTATEMENT (SECOND) OF TORTS § 328E notes, the land's owner is not necessarily its possessor for the purposes of this rule. [. . .] In general, rather, the possessor of premises for premises-liability purposes is that person (or entity) in occupation of the premises (or entitled to immediate occupation) with the intent to control them." *Grubb v. Smith*, 523 S.W.3d 409, 422 (Ky. 2017); *See also* RESTATEMENT (SECOND) OF TORTS § 328E (defining "a possessor

5

of land" as "(a) a person who is in occupation of the land with intent to control it or (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).").

Reading the facts in the light most favorable to Tompkins (as the Court must), the Court finds that it is reasonable to infer that the accident occurred on Lowe's premises or premises Lowe's controlled. Without any proof, Lowe's claims that it does not *own* the land where the fall occurred; it does not claim it does not possess or control the "yellow dashed area" just outside the garden entrance to its store prior to the parking lot. Surely, such an argument would fly in the face of legal reality and common sense. The Court finds there is enough evidence in the record to support a finding that Lowe's owed a duty to Tompkins to exercise reasonable care to maintain its premises in a safe manner and/or warn of dangers, including those caused by third parties. Thus, on the issue of duty, Tompkins's claims survive Lowe's summary judgment motion.

**B.    TOMPKINS HAS MADE THE NECESSARY SHOWING UNDER *LANIER*.**

The Court next turns to the burden-shifting analysis set forth in *Lanier* and its progeny. "In slip-and-fall cases, the burden is first on the plaintiff to show that there was a foreign substance on the floor and that the substance was a substantial factor in causing her accident and injury." *Stanley v. Walmart Stores East, LP,* 2016 WL 3079837, at *1 (E.D. Ky. May 31, 2016) (citing *Lanier*, 99 S.W.3d at 435-36).

First, Tompkins provided sufficient evidence that he had an encounter with a dangerous condition on Lowe's premises to survive summary judgment. Lowe's has not offered any evidence to the contrary, other than its baseless claim—already rejected above—that the accident did not occur on Lowe's premises. There is no dispute that Tompkins tripped over the liftgate after being directed by Lowe's to enter through another door. Bonnie Plants argues in its Response that

6

"Plaintiff's bare allegation that the liftgate created a 'dangerous condition' is sufficient grounds to grant summary judgment as to Lowe's[.]" [DE 50 at Page ID # 793, n. 1]. The Court agrees that Tompkins has not offered a surfeit of evidence regarding the dangerousness of the liftgate. He has, however, supported his claims with his deposition testimony describing the incident:

> Q: And the carts to go on the back of the truck was what was sort of changing your path and forcing you to walk back? Because at this point, from what you're telling me, you're actually not walking technically towards the front door. You were actually walking away. You were walking towards the parking lot to get around all these plants. Is that accurate?
>
> A: I don't know how to answer that.· I just know that there was a path from the front door when we turned around because that door was closed, and the arrow pointed in the direction of the other one that seemed to be the most likely path because the road up here didn't look like the best place to go where cars were going back and forth. So we took that path to go through, but I do not recall it being that small.
>
> . . .
>
> Q: Was the reason why you were walking towards the truck because other paths were blocked off? Do you recall that?
>
> A: Yeah. There were other paths blocked off, or I mean, the road wasn't blocked off, but again, that's a major road that people drive through there on.
>
> Q: So between stepping out on the road or stepping into -- or stepping towards or walking towards a delivery with all the carts out with the truck, that you were aware was there, you chose this was the safer path. Is that accurate?
>
> A: Right. It was wide. It was –
>
> Q: Yeah.
>
> A: It looked safer to me.
>
> Q: At the time when you were walking towards the Bonnie Plants truck, as you were walking -- trying to get towards the front door, but you were being forced to walk sort of around the back end area, did you see that a lift gate was down on the ground?
>
> A: No.
>
> Q: Did you ever notice the lift gate down on the ground? Did you ever notice that there was a lift gate on the concrete?

> A: No. I didn't.
>
> Q: Before you fell?
>
> A: No. I did not.

[DE 44-2 at Page ID # 378-80]. Tompkins's testimony describes a tripping hazard in or around the walkway that Lowe's directed him to take between the entrance doors. Once again, drawing every inference in Tompkins's favor, the Court finds he has met his burden on this element. Lowe's failed to address the alleged dangerousness of the liftgate at all, instead resting on its argument that it owed no duty to Tompkins.

Second, Lowe's (and Bonnie Plants) appear to agree with Tompkins that his encounter with the Bonnie Plants' truck's liftgate was the cause of his fall. Neither Lowe's nor Bonnie Plants contest that Tompkins was injured in the resulting fall.

In short, Tompkins brought forth evidence that he had an encounter with a dangerous condition on Lowe's premises and that the condition was a substantial factor in causing his fall. Thus, Tompkins has met his obligation under *Lanier* and the burden shifts to Lowe's.

C. **LOWE'S PROVIDED THE COURT WITH NO PROOF THAT THE PREMISES WERE IN A REASONABLY SAFE CONDITION.**

With Tompkins having met his obligation under *Lanier*, Lowe's faces "a rebuttable presumption sufficient to avoid a summary judgment or directed verdict, and 'shifts the burden of proving the absence of negligence, *i.e.*, the exercise of reasonable care, to the party who invited the injured customer to its business premises.'" *Martin*, 113 S.W.3d at 98 (quoting *Lanier*). Specifically, Lowe's must "show two things: (1) that the defendant's employees did not cause the foreign substance to be on the floor, and (2) that the defendant had insufficient time to deal with the substance before it caused the plaintiff's injuries." *Stanley,* 2016 WL 3079837 at *1.

8

Judge Thapar's decision in *Stanley* is instructive here.  In *Stanley*, the Court concluded that because the plaintiff did not put forth any evidence that Walmart caused the spill that resulted in his accident, no reasonable jury could conclude the same.  *Stanley,* 2016 WL 3079837 at *2.  This is analogous to Lowe's argument that it did not control or operate the liftgate.  The *Stanley* Court continued, however, finding that the issue is "whether Walmart had insufficient time to discover and remove (or warn of) the substance before" the accident was a jury question "[b]ecause the 'reasonableness' of the time period the store took to address the spill is 'completely dependent upon the surrounding circumstances.' . . . More importantly, that issue is not for a court to decide at the summary judgment stage*.*"  *Id*. at *3.  *See also Collins v. Newport on the Levee, LLC*, 2015 WL 1969409 (Ky. App. May 1, 2015) (affirming summary judgment because Newport on the Levee detailed through numerous record citations how it had no knowledge of the hazardous condition or could have had knowledge).

Here, Lowe's presents no such evidence.  Because Lowe's simply rested on its argument that it owed no duty to Tompkins, Lowe's did not even address whether it exercised reasonable care.  The Court simply has no information whatsoever to answer the question of whether Lowe's exercised "reasonable care to either: a) discover that such acts are being done or are likely to be done, or b) give warning adequate to enable the business visitors to avoid the harm, or otherwise protect them against it."  *Lanier*, 99 S.W.3d at 433 (RESTATEMENT (SECOND) OF TORTS § 344).  If a fulsome defense was mounted by Lowe's in this case, summary judgment may have been appropriate in line with *Collins* or other similar cases.  Yet, in the total and complete absence of any evidence or arguments from Lowe's regarding whether its premises were reasonably safe, the Court must leave this issue for the jury to decide.

## V.  CONCLUSION

The Court has not wavered from its position that "the allegations against Lowe's are thin." [DE 24 at Page ID # 154].  On the motion before the Court, however, Lowe's has failed to establish that no jury could find in favor of Tompkins and Lowe's is entitled to judgment as a matter of law. For the reasons stated herein, and the Court being sufficiently advised, **IT IS ORDERED** that Lowe's Motion for Summary Judgment is **DENIED**.

Entered this 5th day of January, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge